ROBERT H. CONE *vs.* GERTRUDE CULLEN.

First Judicial District, Hartford, May Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued May 2d—decided July 16th, 1928.

*James W. Carpenter*, for the appellant (defendant).

*Terry J. Chapin*, for the appellee (plaintiff).

BANKS, J. The defendant was building· a house upon a lot owned by her in West Hartford and had employed one Ellis as supervising architect. She asked Ellis to secure estimates for the rough grading of the lot and the removal of the earth. Ellis procured such an estimate from the plaintiff who did the work. This action is to recover a balance which plaintiff claims to be due for such work. Ellis made an agreement with the plaintiff as to the terms upon which the work was to be done and wrote the defendant a letter which purported to state the terms of the oral agreement, and the defendant thereupon notified Ellis to have the plaintiff proceed with the work. The plaintiff agreed to do the grading and remove the dirt for $1 per cubic yard and the principal controversy between the parties is as to whether the cubic yardage of earth removed was to be determined by a measurement of the earth as it lay on the ground or by a measurement of the loosened earth when loaded in a truck for removal. The plaintiff claimed to have proved that the agreement made between him and Ellis was for the removal of the earth at the rate of $1 per cubic yard measured when loaded in a truck holding five cubic yards of loosened earth. The defendant claimed to have proved that Ellis' only authority was to make a tentative contract which must be ratified or approved by her before it became effective and that the only contract which she ratified and approved was that set forth in the letter written

her by Ellis, and further claimed that that contract must be construed to provide for payment upon the basis of the measurement of the earth as it lay on the ground prior to its removal.

The defendant's position throughout the case was that the contract which she made with the plaintiff was that stated in the letter written her by Ellis which purported to reduce to writing the agreement which he had made with the plaintiff and which he thus submitted to her for approval. She concedes that she did approve it and notified Ellis to have the plaintiff proceed with the work on the basis of the terms stated in the letter. The letter therefore contains the contract which, according to her claim, she made or authorized to be made with the plaintiff. Upon this basis her contract with plaintiff was a written one the construction of which was for the court and she asked the court to charge that the question of authority depended upon the construction of the letter and further asked the court to construe the contract contained in the letter as one calling for the removal of earth to be measured by the cubic yards on the ground as it lay before removal. This letter from Ellis to the defendant reads as follows: "This is to confirm my telephone conversation with you of yesterday concerning my agreement with Mr. Cone. Mr. Cone agrees to move the 700 cu. yds. of earth on the front and rear of your lot for $1.00 per cu. yd. 200 cu. yds. of this amount are to be removed to Mr. Russell's property. Mr. Cone will furnish a steam shovel and three trucks, each having a capacity of 5 cu. yds. The job complete will cost approximately $700. and covers the rough grading. It will be necessary to furnish a man to check the loads on each truck. I can possibly furnish a man to work, beginning at 7 o'clock for 50¢ per hour, $4.50 per day." This is the contract which the defendant

concedes that Ellis made with the plaintiff and that she ratified by ordering the work done after she had received this letter.

On the other hand, the plaintiff claims that in the agreement made between him and Ellis it was provided that the price of the work was to be $1 per cubic yard as determined by the number of truck loads on the basis of five cubic yards a truck load, the understanding being that if the arrangement was not agreeable to the defendant, Ellis would immediately notify the plaintiff. The parties were thus in agreement that whatever arrangement was made between Ellis and the plaintiff was subject to the approval of the defendant. Ellis was the agent of the defendant in making the tentative arrangement with the plaintiff and in reporting it to her for approval, and she cannot be heard to say that he incorrectly or inadequately reported it, for the presumption of disclosure by an agent in such a case is conclusive. *Corsello* v. *Emerson Brothers, Inc.,* 106 Conn. 127, 134, 137 Atl. 390. The plaintiff was entitled, upon the defendant's approval of his going on with the work, to rely upon the terms of the arrangement actually made between him and Ellis. The primary question presented would naturally be as to the terms of the agreement made by Ellis with the plaintiff. But the apparent conflict between the parties loses all significance in view of the fact that, construed as matter of law, the agreement stated in Ellis' letter to the defendant has the same meaning as the express provision concerning the method of payment contained in the agreement as claimed by the plaintiff.

The contract stated in Ellis' letter calls for the payment of $1 per cubic yard of earth loaded in the trucks. It provides that the plaintiff will furnish three trucks each having a capacity of five cubic yards. This neces-

sarily means five cubic yards of the loosened earth when loaded and the term "cubic yard" in the preceding sentence which provides for the payment should be construed in the same sense and as the same unit of measurement. It is not to be assumed that the words would be used as meaning one unit of measurement in one sentence and a different unit in the next sentence unless such change of meaning was clearly indicated. This construction is strengthened by the provision in the last paragraph for the furnishing of a man to check the loads on each truck, clearly indicating a checking of the amount of earth removed by the number of truck loads of five cubic yards each, which method of checking would be quite useless in determining the number of cubic yards of earth removed measured as it lay upon the ground.

Since it is conceded that the defendant ratified the contract set forth in the letter she received from Ellis under which the obligations of the parties were the same as in the agreement as claimed by the plaintiff, it was unimportant as to whether Ellis' conduct in making the contract was within the apparent scope of his authority and the portions of the charge upon this subject to which the defendant takes exception were quite outside of the sole issue on this phase of the case. These portions of the charge could not, however, have been harmful to the defendant, since the jury in its verdict placed the only possible construction upon the terms of the agreement between the parties. The criticism of the portion of the charge dealing with the evidence of custom loses its significance in view of this conclusion.

The defendant made the claim in argument that a vital question in the case was whether the minds of the plaintiff and the defendant's agent met in the making of this contract. The reference in the writing to "the

700 cu. yds. of earth on the front and rear of your lot" and the statement there that the job complete would cost approximately $700, would furnish some warrant for a claim by the defendant that she entered into the contract upon the understanding that the removal of seven hundred cubic yards of earth would complete the job and that since this was not the fact there was not a meeting of the minds and no contract resulted. The record does not disclose that any such claim was made upon the trial and that this was not the understanding of the defendant appears from the allegation of her counterclaim that the contract was for the removal of "an indefinite amount of dirt for grading purposes estimated at 700 cubic yards," and from the fact that after seven hundred cubic yards of earth had been removed she told Ellis to have the plaintiff continue his work and finish the job upon the same basis as in case of the removal of the first seven hundred cubic yards, making no claim that she was entitled to have the job completed for $700. The court was not obliged to charge upon the question of whether there was a meeting of the minds of the parties since that issue was not raised.

The requests to charge dealt with the question of Ellis' authority to make a contract other than that contained in the letter and therefore, for the reasons already stated, the defendant was not harmed by the failure of the court to incorporate them in the charge. In one of the requests the defendant asked the court to construe the contract as requiring payment based upon a measurement of the number of cubic yards of earth as it lay on the ground which, as we have seen, is not the correct construction.

It appears that there was a further agreement between the parties for the removal of two hundred cubic yards of loam to be placed upon the plot next door.

The plaintiff claimed that the agreed price for this work was $200 and the defendant claimed that it was $50. Since in either event the agreement for the removal of this loam was for a flat price it was not affected by the controversy as to the unit of measurement, and it is not claimed that the issue as to whether the agreed price was $200 or $50 was not correctly submitted to the jury.

The finding presents a fair narrative of what each of the parties offered evidence to prove, sufficient to present the questions raised upon this appeal, and any corrections which could properly be made would not affect the result.

There is no error.

In this opinion the other judges concurred, except HAINES, J., who dissented.