## Edna Schiller [Roland W. Schiller, Administrator, Substituted Plaintiff] et al. *v.* Orange Hall Corporation

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued March 5—decided March 26, 1957

*George D. Stoughton,* for the appellant (defendant).

*Paul B. Groobert,* with whom were *Ronald Jacobs* and, on the brief, *George C. Lessner* and *John S. G. Rottner,* for the appellees (plaintiffs).

DALY, J. This negligence action was brought to recover damages for personal injuries sustained by the plaintiff Edna Schiller and for expenses incurred by her husband by reason of her injury. Mrs. Schiller died while the action was pending and the administrator of her estate intervened as a party plaintiff. The jury returned a verdict for the plaintiffs. The defendant moved for judgment notwithstanding the verdict and that, as an alternative, the verdict be set aside. The court denied the motion, and the defendant has appealed from the judgment rendered on the verdict.

The jury could reasonably have found these facts: On May 2, 1953, and prior thereto, the defendant was the owner of a building, known as the Orange Hall, in the town of Manchester. There were stores in the front part of the ground floor of the building and an apartment in the rear part which was occupied by Mr. and Mrs. Neville, the custodians of the building. A lodge hall and adjacent anterooms were on the second floor. About two weeks prior to May 2, the defendant caused the floors of the lodge hall and the anteroom leading to it to be waxed, thereby rendering them very slippery. Although complaints were made to the defendant, nothing was

done to remedy the dangerous condition of the floors. For a long time prior to May 2, there was an uncovered radiator valve in the anteroom leading to the hall. Notwithstanding the fact the defendant knew of it, nothing was done to correct it. During the afternoon of May 2, Mrs. Neville was preparing the hall for use that evening. She did not wear her shoes because she was afraid of falling on the slippery floors. Mrs. Schiller, hereinafter referred to as the plaintiff, came to the second floor, called Mrs. Neville and engaged her in conversation in the anteroom. Mrs. Neville then left the plaintiff in the anteroom, without warning her of the slippery floor or the uncovered radiator valve. Shortly thereafter, the plaintiff slipped on the floor in the anteroom and fell against the uncovered radiator valve and sustained serious injuries.

The claim of the defendant that the court erred in denying its motion is based upon its assertion that it failed in no duty to the plaintiff, that the condition of the floor was not a proximate cause of her fall, and that her conduct constituted contributory negligence as a matter of law. An owner of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if he knows of the condition and realizes that it involves an unreasonable risk to them and, having reason to believe that they will not discover the condition or realize the risk, permits them to enter or remain in or upon the premises without exercising reasonable care to make the condition reasonably safe or to warn them of the condition and the risk involved therein. *Laube* v. *Stevenson,* 137 Conn. 469, 474, 78 A.2d 693; Restatement, 2 Torts § 342. Whether the defendant's failure to warn the plaintiff constituted negligence and, if it did, whether

such failure was the proximate cause of the plaintiff's injuries were questions of fact. Likewise, whether the plaintiff was guilty of contributory negligence was a question of fact. *Dickau* v. *Rafala*, 141 Conn. 121, 125, 104 A.2d 214. The evidence submitted to the jury was such as to permit them, acting reasonably and logically, to resolve all of these issues in the plaintiffs' favor.

The defendant contends that the court erred in admitting evidence related to falls by other persons. After the testimony in question had been admitted, the defendant requested the court to strike it if the transcript disclosed that the other persons did not fall in the same general area in which the plaintiff fell. The court then stated that the defendant could renew its motion after it had procured the transcript of the pertinent testimony and that, if the transcript disclosed that the other persons did not fall in the same general area, the testimony concerning their falls would be stricken. Later, the defendant renewed its motion and stated that it had not been able to obtain the transcript. The court then stated: "I will tell the jury to disregard any evidence that is in the case regarding anyone who slipped—that may have come in as to any place other than this ante-room where this plaintiff is alleged to have slipped. If that will content you, I will do that. I will tell the jury to disregard any evidence other than that. And to all intents and purposes it means that it is stricken from the record." The defendant's counsel replied: "Very well, Your Honor." In its charge to the jury, the court said that it was excluding from their consideration and striking out from the evidence all of the testimony regarding falls and complaints related to any area other than the anteroom in which it was claimed

that the plaintiff slipped and fell. This cured any harm which might have been done by admitting the testimony, if the rulings were erroneous. *Woodward* v. *Waterbury,* 113 Conn. 457, 465, 155 A. 825; *Drazen* v. *New Haven Taxicab Co.,* 95 Conn. 500, 502, 111 A. 861.

In one of its assignments of error, the defendant asserts that the court erred in charging the jury that Mr. and Mrs. Neville "represented the defendant as regards the visit of Mrs. Schiller to the premises" and that "[t]he knowledge of her presence which they had may be held to be the knowledge of the defendant corporation as to her presence and to obligate them to take such precautions to prevent injury to as the defendant's board members should have taken had they been present." The defendant maintains that Mr. and Mrs. Neville were the custodians and janitors of the building and that there is no evidence that they represented the defendant "as regards the visit" of the plaintiff to the premises and that they were not the defendant's agents. The charge is tested by the finding. *Halpine* v. *Halpine,* 138 Conn. 578, 580, 87 A.2d 146; Maltbie, Conn. App. Proc. (2d Ed.) § 145. The court found that the plaintiffs offered evidence to prove and claimed to have proved that Mrs. Neville, the cocustodian and agent of the defendant, knew of the dangerous condition in the anteroom and that the danger was not readily apparent, but gave no warning to the plaintiff of it. Mrs. Neville's knowledge of the presence of the plaintiff in the anteroom was, in effect, the knowledge of the defendant. It was for the jury to determine as a question of fact whether the situation was one in which Mrs. Neville had reason to believe that the plaintiff did not know or by the reasonable use of her senses would not discover the condition of the floor

"and which, therefore, fell within the principle under which an owner is bound to take precautions to protect a licensee of whose presence he knows against a dangerous condition upon the premises." *Deacy* v. *McDonnell,* 131 Conn. 101, 104, 38 A.2d 181.

There is no error.

In this opinion the other judges concurred.