BENJAMIN G. COOLEY *v.* SALVATORE J. CRISPINO

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 107516

Memorandum filed October 29, 1958

*Ufa E. Guthrie,* of Hartford, for the plaintiff.

*George A. Downing,* of Manchester, and *Davis, Lee, Howard & Wright,* of Hartford, for the defendant.

COTTER, J. The plaintiff, a pedestrian, recovered a verdict of $5500. Since he received a verdict, the court need not consider present arguments concerning negligence and contributory negligence advanced in this hearing by the plaintiff. He prevailed upon the issue of liability. Complaint that the jury improperly considered the issue of contributory negligence "loses its significance," since this must have been resolved in favor of the plaintiff. *Cone* v. *Cullen,* 108 Conn. 126, 131.

A request to charge as to the "depreciated" dollar had no place in the case since, among other things, the evidence disclosed loss of earnings and hospital and doctor bills incurred within the past two to three years. *Quednau* v. *Langrish,* 144 Conn. 706, 714. While the instructions upon damages did not take the form of the voluminous requests to charge, they were full and adequate for the requirements of the jury. They cannot be given upon a fixed basis, table, standard, or precise mathematical formula, as suggested by the plaintiff in his argument upon this motion. *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 675.

The plaintiff, sixty-six years old, sustained a fracture of the sternum, a type of injury in a man of his age which "probably never heals," according to his doctor. Dr. Goff testified that the plaintiff had a 10 per cent minimal permanent partial disability. Dr. Sewall, for the defense, felt, however, that this injury did not "particularly" disable the plaintiff, although he agreed it would not return to normal. The accident happened November 29, 1955, and the plaintiff finally returned to work as a carpenter with the New York, New Haven and Hartford Railroad on

March 21, 1956. He received a laceration on his head, cuts and bruises to his right leg and to his left foot, and a sprain of his neck. He incurred bills as follows: Dr. Goff, $180; Hartford Hospital, $208.70; Dr. Greene, $45. His loss of wages was $1385. While the verdict appears low, the court cannot substitute its judgment for that of the jury. *Pierce* v. *Albanese,* 144 Conn. 241, 262.

Upon defendant's motion, the court refused to allow the amount of the ad damnum to go to the jury. The plaintiff complains that this procedure lowered the amount of the verdict which would otherwise have been given. The ad damnum clause has no probative value; the amount claimed by the plaintiff or counsel is of no concern to the trier. The amount returned must be based upon the jury's application of the rule of fair, just and reasonable compensation which will fully compensate the plaintiff for what he has suffered; *Flood* v. *Smith,* 126 Conn. 644, 647; since a more specific or definite standard is impossible. The verdict must be supported by the evidence—not upon the claims of counsel.

"Informing the jury of the *ad damnum* clause serves no useful or sound function. If it be said that the amount claimed constitutes the maximum limit of permissible recovery, the legal effect of that limitation is better left in the control of an experienced trial court. In the hands of the jury, untrained in the trial of cases, it may very well raise confusing and difficult complications. It is a matter of common knowledge that ordinarily the amount of damages laid in the complaint is much in excess of any sum which the plaintiff hopes to receive." *Botta* v. *Brunner,* 26 N.J. 82, 104, 60 A.L.R.2d 1331. To inform the jury of the amount sued for serves no useful purpose. It may suggest or invite the jury to assess damages contrary to the well-established rule. *Bales*

v. *Kansas City Public Service Co.,* 328 Mo. 171, 181;
*Otto* v. *Milwaukee Northern Ry. Co.,* 148 Wis. 54, 61.
Our court recognized this in the case of a quotient
verdict it called reprehensible when it said: "And it
is apparent that many of the jurors must have
marked the damages at quite or nearly the sum of
$10,000, the amount claimed in the *ad damnum* clause
of the plaintiff's complaint, for the mean amount
would not otherwise have been obtained." *Haight* v.
*Hoyt,* 50 Conn. 583, 585.

Parenthetically, it may be noted that there have
been times in the trial of other cases when reports
have circulated after a verdict has been returned
that jurors have attempted to render a verdict ap-
proximating the ad damnum claim. In such a case
the court is powerless to rule upon an action which
raises "confusing and difficult complications," and
an appeal would not lie to correct what may have
been an application of an improper rule of law.
*Rosenblatt* v. *Berman,* 143 Conn. 31, 38.

Even presuming error, for the purpose of argu-
ment, it cannot avail the plaintiff since it cannot
legally affect the amount of the verdict. Where the
instructions fully state the rule of damages, knowing
the ad damnum clause cannot change it, and applica-
tion of such knowledge in arriving at the amount of
the verdict would be improper. *Haight* v. *Hoyt,*
supra.

The motion is denied.