CONWAY SOKOLOSKI *v.* JACK PUGLIESE

KING, MURPHY, SHEA, HOUSE and COTTER, Js.

Argued January 4—decided March 7, 1962

*Morton C. Hansen, Jr.,* with whom, on the brief, was *Thomas S. Whitman,* for the appellant (plaintiff).

*Bruce W. Manternach,* with whom was *Colin C. Tait,* for the appellee (defendant).

MURPHY, J. The plaintiff received injuries when he attempted to complete the cutting of a partially felled tree on the defendant's property. He sued to recover therefor from the defendant. The jury returned a verdict for the plaintiff which the trial

court set aside, and the plaintiff has appealed.

From the evidence, viewed in the light most favorable to the plaintiff, the jury could have found that on the morning of March 14, 1957, the plaintiff stopped at the defendant's house in East Granby and requested the defendant to drive him to Springfield, Massachusetts. The defendant consented. While he was preparing to go, the plaintiff, an experienced carpenter, stated that he had recently been engaged in logging and was to raze some houses. The defendant, pointing out the window, asked the plaintiff if he could cut a tree which looked as if it had fallen while it was being cut down. The plaintiff said that he could cut the tree, since he had cut bigger ones, and that he would get his chain saw from his automobile to do so. The defendant told him he would join him after he had had some coffee. The tree was eighteen or twenty inches in diameter and had been sawed about half way through at the base. The top thirty-five or forty feet had toppled over and lay on the ground. The shaft of the tree was split up the middle from the cut for about five and a half feet. The butt end of the shaft, above the split, projected over the stump to a point about four feet above the stump. The fallen portion was attached to the stump by the uncut lower section. The branches had been cut off. The plaintiff notched the tree on one side of the cut and was sawing from the opposite side when the weight of the tree shifted, pinching the saw, and as the plaintiff attempted to pull the saw out, the butt end swung over and knocked him down. He was injured. When the defendant came out of the house, he found the plaintiff lying on the ground. The defendant had seen split trees before and knew that the proper way to cut one was to saw the tree in short lengths,

starting at the top of the tree and working back to the stump.

The plaintiff concedes that he was a gratuitous licensee and makes no claim that the duty which the defendant owed to him was other than that of a possessor of land to a gratuitous licensee. Restatement, 2 Torts § 331. Ordinarily, an owner of land owes no duty to a licensee to keep the premises in a safe condition. The licensee must take the premises as he finds them. This includes dangers that arise from their condition. *Schiavone* v. *Falango,* 149 Conn. 293, 296, 179 A.2d 622, and cases cited. Where there is a natural or artificial condition on the premises, the possessor is liable for bodily harm caused to a gratuitous licensee if, but only if, the possessor (a) knows of the condition, realizes that it involves an unreasonable risk to the licensee and has reason to believe that the licensee will not discover the condition or realize the risk, and (b) invites or permits the licensee to enter or remain on the premises without exercising reasonable care (1) to make the condition reasonably safe or (2) to warn the licensee of the condition and the risk involved therein. *Schiavone* v. *Falango,* supra; Restatement, op. cit. § 342.

The plaintiff has predicated his right to recovery on the failure of the defendant to warn him of the dangerous condition of the tree. That failure is not enough, by itself, to impose liability. In view of the statements of the plaintiff to the defendant concerning his experience in logging and in cutting trees, the jury, on the evidence, could not have found that the defendant had reason to believe that the plaintiff would not discover the condition and realize the risk involved in cutting the tree.

There is no error.

In this opinion the other judges concurred.