PHILIP E. MEADE ET AL. *v.* THE WAREHOUSE TRANSPORT, INC.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 5—decided December 5, 1973

*John J. Reid,* with whom was *George Muir,* for the appellants (plaintiffs).

*Andrew J. O'Keefe,* with whom, on the brief, was *Robert E. Walsh,* for the appellee (defendant).

PER CURIAM. This case arose from a motor vehicle accident which occurred in the early morning hours of September 30, 1967, on route 44 in the town of Barkhamsted. A tank-trailer loaded with milk, owned by the plaintiff Hatch Milk Hauling Company, and operated by the plaintiff Philip E. Meade, collided with a tractor-trailer owned by the defendant The Warehouse Transport, Inc., and operated by its employee John F. McKay. The physical evidence indicated that the defendant's tractor-trailer had been in a collision with a rock ledge, overturned and almost completely blocked route 44. The driver, McKay, died in this accident and his body was found on the highway. There were no witnesses. An unknown length of time after this accident, the tank-trailer operated by Meade and proceeding on route 44 collided with the overturned tractor-trailer resulting in personal injuries to Meade and damage to the tank-trailer. This action, sounding in negligence, was brought by Meade and Hatch Milk Hauling Company, and the case was tried to a jury.

At the conclusion of the evidence, the defendant moved for a directed verdict as to both plaintiffs on

the ground that there was no such evidence as would permit the jury to find the issues of negligence for the plaintiffs. As permitted by § 255 of the Practice Book, the court reserved decision on this motion. It then granted the plaintiffs' motion for a directed verdict on the defendant's counterclaim. The jury returned that verdict as directed and also returned a verdict for both plaintiffs on their complaint. The defendant thereupon moved to set aside the latter verdict, for judgment on its earlier motion for a directed verdict and for judgment notwithstanding the verdict. The court, after deliberation, directed that judgment be rendered for the defendant notwithstanding the verdict. The plaintiffs have appealed on the grounds that the court erred in granting the defendant's motions to set aside the verdict, for a directed verdict and judgment notwithstanding the verdict on the basis of lack of evidence.

We have reviewed the evidence submitted for the jury's consideration as printed in the appendices to the briefs and the court's detailed and well-considered memorandum of decision granting the motion for judgment notwithstanding the verdict. It would serve no useful purpose to attempt to summarize the evidence which does indicate that the plaintiffs' counsel exhausted every effort to prove their allegations of negligence despite the handicap occasioned by the lack of any eyewitness to the overturning of the defendant's tractor-trailer, and the plaintiffs' necessary reliance upon circumstantial evidence and the inferences they claim should be drawn therefrom.

We find ourselves in agreement with the conclusion of the trial court, as indicated in its memorandum of decision, that the plaintiffs failed to remove from the area of speculation the cause of the over-

turning of the tractor-trailer operated by McKay. As the trial court noted: "In essence, the jury could not reasonably infer or conclude that the accident and the plaintiffs' injuries and damages were caused by the negligence of the operator McKay or the defendant company in one or more of the ways specified in the plaintiffs' complaint. The existence of so many possibilities as the proximate cause of this accident, together with the lack of facts pointing significantly to any one of them as due to the negligence (of the operator) renders the question of his negligence too conjectural and uncertain to warrant a verdict against the defendant. *Palmieri* v. *Macero,* 146 Conn. 705, 708 [155 A.2d 750]." See *Toomey* v. *Danaher,* 161 Conn. 204, 207, 286 A.2d 293.

There is no error.