JOSEPH R. ORZECH *v.* THOMAS J. WYNNE, JR.

HOUSE, C. J., COTTER, SHAPIRO, LOISELLE and MACDONALD, JS.

Argued June 6—decision released June 25, 1974

*Waldemar J. Lach,* for the appellant (plaintiff).

*Albert G. Murphy,* for the appellee (defendant).

PER CURIAM. This action arose out of a motor vehicle collision which occurred February 1, 1970, on a foggy early morning on route I-91 when the

automobile of the defendant struck the rear of the plaintiff's automobile which the plaintiff had stopped at the side of the highway to clear its windshield. The plaintiff alleged negligence on the part of the defendant and the defendant pleaded contributory negligence on the part of the plaintiff. The jury returned a verdict for the defendant and the plaintiff appealed, claiming error on the part of the court in refusing to set aside the verdict and in the charge as delivered by the court.

We have tested the court's ruling on the motion to set aside the verdict by an examination of the evidence as printed in the appendices to the briefs. Practice Book §§ 718, 721; *Neal* v. *Shiels, Inc.,* 166 Conn. 3, 19, 347 A.2d 102; *Moriarty* v. *Lippe,* 162 Conn. 371, 374, 294 A.2d 326. We find no error in the court's ruling. There was evidence from which the jury could reasonably and logically conclude that the plaintiff was guilty of contributory negligence.

We have tested the assignments of error addressed to the charge to the jury and conclude that, considered as a whole, it fairly presented the case to the jury so that no injustice resulted. *Nash* v. *Hunt,* 166 Conn. 418, 427, 352 A.2d 773; *Gosselin* v. *Perry,* 166 Conn. 152, 165, 348 A.2d 623; *Enlund* v. *Buske,* 160 Conn. 327, 331, 278 A.2d 815.

There is no error.