KAREN DERBY *v.* THE CONNECTICUT LIGHT AND POWER COMPANY

SHAPIRO, LOISELLE, MACDONALD, LONGO and SPEZIALE, Js.

Argued June 5—decision released August 20, 1974

*Walter F. Torrance, Jr.,* with whom was *Anthony M. Fitzgerald,* for the appellant (defendant).

*William B. Hennessy,* for the appellee (plaintiff).

SHAPIRO, J. This action was brought to the Superior Court on behalf of Karen Derby, a minor, hereinafter referred to as the plaintiff, by her father to recover damages for personal injuries allegedly sustained when she fell from an apple tree located on the property of the defendant, the Connecticut Light and Power Company. The amended complaint alleges that while climbing the tree on August 22, 1967, the plaintiff, then seven years old, stepped on a rotten or dead tree limb which broke and caused her to fall on a bed of rocks.

The case was tried to a jury, and when all the evidence had been submitted, the defendant made a motion for a directed verdict. The trial court reserved decision on the motion, and committed the case to the jury. The jury rendered a verdict for the plaintiff to recover damages in the amount of $25,000 and the trial court refused to set the verdict aside and enter a judgment notwithstanding the verdict. The defendant has appealed to this court from the judgment rendered on the verdict.

The defendant has assigned as error the denial of its motion for judgment notwithstanding the verdict, the denial of its motion to set aside the verdict, the inclusion of seventeen paragraphs in the finding,

the exclusion of two paragraphs of the draft finding from the finding and certain aspects of the charge to the jury as appears in six paragraphs of the finding.

The defendant claims that the trial court erred in denying its motion for judgment notwithstanding the verdict because: (1) there was no evidence from which the jury could properly conclude that the defendant knew or had reason to know of the condition of the branch upon which the plaintiff was standing and which gave rise to her injuries; (2) the jury could not properly conclude that the defendant would have any reason to believe that the branch would involve an unreasonable risk of harm to a child of the age, judgment and experience of the plaintiff; (3) the jury could not properly conclude that the defendant would have reason to believe that a child of the plaintiff's age, judgment and experience would not discover the condition of the branch or realize the risk of standing on it; and (4) the jury could not reasonably conclude that the plaintiff was not guilty of contributory negligence.

The defendant claims that it was error to deny the motion to set aside the verdict for the same reasons, and adds as additional reasons the claims that the verdict was excessive and the charge erroneous.

The decision of the trial court on a motion to set aside the verdict and for a judgment notwithstanding the verdict is tested by an examination of the evidence printed in the appendices to the briefs. *Orzech* v. *Wynne,* 166 Conn. 499, 500, 352 A.2d 314; *Meade* v. *Warehouse Transport, Inc.,* 165 Conn. 553, 555, 338 A.2d 111.

Our examination leads us to conclude that it was error to deny the motion to set aside the verdict and

for a judgment notwithstanding the verdict because the appendices lack evidence sufficient to prove that the defendant corporation knew or should have known of the condition which allegedly caused the complained-of bodily harm to the plaintiff.

In their respective briefs, the plaintiff asserts, and the defendant concedes, that the status of the plaintiff while on the land of the defendant was that of a licensee. On numerous occasions this court has indicated that the governing law in situations such as the present is well-expressed in § 342 of the Restatement of the Law of Torts. *Dougherty* v. *Graham,* 161 Conn. 248, 251, 287 A.2d 382; *Bears* v. *Hovey,* 159 Conn. 358, 360–61, 269 A.2d 77; *Sokoloski* v. *Pugliese,* 149 Conn. 299, 301, 179 A.2d 603; *Hennessey* v. *Hennessey,* 145 Conn. 211, 213, 140 A.2d 473; *Schiller* v. *Orange Hall Corporation,* 144 Conn. 327, 329, 130 A.2d 798; *Laube* v. *Stevenson,* 137 Conn. 469, 474–75, 78 A.2d 693. That section states that: "[a] possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he (a) *knows* of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and (b) invites or permits them to enter or remain upon the land, without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to warn them of the condition and the risk involved therein." (Emphasis added.)

At the time of the accident in the present case, however, Restatement (Second), Torts had been adopted and promulgated. One change made therein is that clause (a) of § 342 of the Restatement

(Second), 2 Torts, has been reworded to state that: "[a] possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor *knows or has reason to know* of the condition . . . ." (Emphasis added.) As used in Restatement (Second), 2 Torts § 342, " '[r]eason to know' means that the actor has knowledge of facts from which a reasonable man of ordinary intelligence or one of the superior intelligence of the actor would either infer the existence of the fact in question or would regard its existence as so highly probable that his conduct would be predicated upon the assumption that the fact did exist." Restatement (Second), 2 Torts § 12, comment (a). Even measured by the seemingly less restrictive standard of the Restatement (Second), the evidence in the instant case is insufficient to warrant the imposition of liability on the defendant.

The plaintiff offered evidence to prove and claimed to have proved the following facts: On August 22, 1967, Karen Derby, then seven years and eight months of age, fell and sustained injuries to her head when a branch broke from an apple tree on land owned by the defendant. The land of the defendant consists of two contiguous parcels of land located in Waterbury. The southerly parcel is a strip of land extending approximately 600 feet in an easterly-westerly direction which was acquired by the defendant in 1958 as a right-of-way for its electric transmission lines. The northerly piece, consisting of approximately 2.3 acres, was acquired in 1960 to widen the right-of-way by forty or fifty feet. The defendant had to buy the whole northerly piece to acquire the forty or fifty feet actually needed. It never found use for the rest of it which

extended from the right-of-way to a street. It remained without use, utility, care or maintenance. It was regarded as a playground by children who lived nearby, and was known to both children and adults as "the field." It contained the apple tree involved in the present case, but none of its apples was ever picked by the defendant. For years, children, including the plaintiff, played regularly under the tree and climbed it for the apples. The property was never fenced and never posted, and contained no signs of ownership or warning except for the defendant's transmission line towers located at the rear of the property. Those towers were posted "Danger — High Voltage" and in smaller letters "The Connecticut Light & Power Company." The above claims of proof are all supported by evidence in the appendices.

There is, however, no evidence in the appendices to support the claim of proof made by the plaintiff that the defendant "knew by observation and imputation and fair inference and reason" that there existed on its property a condition which "was highly dangerous and constituted an unreasonable risk of serious injury or death to the children including the plaintiff . . . ." There is evidence to the effect that agents of the defendant corporation were expected to report trees and tree limbs likely to fall or blow off into the transmission lines, but no evidence that the apple tree in question was located in the transmission line right-of-way, or close enough to the right-of-way so that it presented such a hazard. There is, also, evidence that one of the defendant's repairmen observed the dead or rotten limb three or four weeks before the accident; but no evidence that the repairman was operating within the scope of his authority when he made the observa-

tion, that his duties involved repairs or maintenance in the area where the tree was located or that he or any other agent of the defendant was charged with a duty to report the dead or rotten limb.

This case, therefore, does not present a situation appropriate for application of the well-settled rule that notice to or knowledge of an agent, while acting within the scope of his authority and in reference to a matter over which his authority extends, is notice to, or knowledge of, the principal. 2 Mechem, Agency (2d Ed.) § 1803. While it is true that matters coming to the knowledge of an agent of a corporation within the scope of his authority are conclusively presumed to have been reported to his principal; *Blakeslee* v. *Water Commissioners*, 121 Conn. 163, 180, 183 A. 887; *Cone* v. *Cullen,* 108 Conn. 126, 130, 142 A. 674; there is nothing in the evidence of the present case to indicate that the condition of the apple tree was a matter within the scope of the authority of the repairman who may have seen it, or any other agent who may have entered onto the property.

Because of this insufficiency of evidence, it cannot be said that the defendant had actual knowledge of the complained-of condition. Similarly, there is no evidence sufficient to impute such knowledge to the defendant. The duty which a licensor owes to a licensee on the licensor's premises does not arise where there is neither actual knowledge on the part of the licensor of a condition which he should realize involves an unreasonable risk of harm to the licensee nor circumstances from which such knowledge could be imputed to the licensor. See *Corcoran* v. *Jacovino,* 161 Conn. 462, 468, 290 A.2d 225; *Haffey* v.

*Lemieux,* 154 Conn. 185, 189, 224 A.2d 551; *Lubenow* v. *Cook,* 137 Conn. 611, 614, 79 A.2d 826; *Ward* v. *Avery,* 113 Conn. 394, 397, 155 A. 502.

We have chosen to dispose of this appeal on the ground stated, but that is not to imply that the circumstances of this case embrace the other elements essential to a recovery for injuries incurred on the property of a licensor.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant notwithstanding the verdict.

In this opinion the other judges concurred.