[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE
The issue in this matter is whether General Statutes sec.31-293 requires that notice indicate an employment relationship between the person giving notice and the recipient.
It is found that sec. 31-293 does not require notice of such a relationship.
The undisputed facts in this case are that on March 20, 1991, plaintiff Robert Durrschmidt filed this negligence action for personal injuries in two counts against defendants Peter Loux d/b/a Loux Leasing Company, and Nutrico, Inc. On October 7, 1991, Field View Farm Transportation, Inc. (hereinafter "Field View") filed a motion to intervene as co-plaintiff and to file a complaint. CT Page 8082 Along with the motion Farm View filed a copy of its proposed complaint. On October 15, 1991, plaintiff Durrschmidt filed an objection to the motion to intervene, a memorandum of law, and an exhibit. On March 9, 1992, Field View filed a memorandum of law in support of the motion to intervene and an exhibit.
In its motion to intervene Field View asserts that at the time that plaintiff suffered the injuries complained of in the present action he was an employee of Field View. Field View further asserts that it has become obligated to compensate plaintiff for his injuries pursuant to the Workers' Compensation Act. In opposition to the motion to intervene plaintiff argues that Field View did not file its motion to intervene in the time period permitted by General Statutes 31-293. Plaintiff submits a copy of a signed return receipt addressed to "Field View Farm Transportation, 707 Derby Turnpike, Orange, Conn. 06477." The date of delivery on the receipt is June 6, 1991. In opposing the objection Field View submits a copy of the letter from plaintiff's attorney proportedly notifying Field View of the institution of the suit. The letter provides: "In accordance with Conn. Gen. Stat. Section 31-293(a), attached you will find a copy of the lawsuit instituted in Superior Court of Ansonia/Milford at Milford initiated against Peter Loux d/b/a Loux Leasing Company and Nutrico, Inc. for your information."
General Statutes 31-203 provides in pertinent part:
 When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. CT Page 8083
General Statutes 31-203(a).
 "General Statutes 31-293 grants to an employer who has paid worker's compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors; Robinson v. Faulkner, 163 Conn. 365, 377, 306 A.2d 857 (1972); provided that the right is exercised in a timely fashion. Olszewski v. State Employees' Retirement Commission, 144 Conn. 322, 325, 130 A.2d 801 (1957)." Ricard v. Stanadyne, Inc., supra, 323. An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with 31-293 "[cannot] be barred from intervening by the passage of the time which this statute prescribes, because, until notice is given, the time does not begin to run." Lakewood Metal Products, Inc. v. Capital Machine Switch Co., 154 Conn. 708, 710, 226 A.2d 392 (1967).
Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 537,582 A.2d 1174 (1990).
The issue of sufficiency of notice to an employer pursuant to 31-293 was addressed recently in Windslow v. Lewis Shepard, Inc., supra. The court in Winslow held31-293 to be unambiguous in prescribing the necessary requirements of notice. Id., 538. The court held that:
 under 31-293, an employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable. The plain terms of the statute require no more.
Id. The court held that a 31-293 notice "need not include information regarding the right to intervene and the legal consequences of a failure to intervene within the statutory time period." Id., 539. Nor must an employee "notify his employer of the compensation claim to which his third party action pertains, or the date he was injured." Id. The court reserved decision on the precise issue before this court, whether sec. 31-293 requires that the notice indicate an employment relationship between the person giving notice and the recipient, because the court found that the complaint sent to the employer identified plaintiff Winslow as an employee of the intervening employer. Id., 535 and 539 n. 2. CT Page 8084
In the present case the relationship of employer and employee between the plaintiff and Field View was not stated in either the letter or the complaint. It is clear that following the strict reading of sec. 31-293 by the Winslow court, and the absence of any interpretive case law since Winslow, the court finds that the notice provided complied with sec. 31-293. Accordingly, it is found that the court should sustain the plaintiff's objection to the motion to intervene.
In further support of its motion to intervene Field View asserts that plaintiff failed to serve the sec. 31-293
notice pursuant to General Statutes secs. 31-321 and 52-57(c).
General Statutes sec. 31-321 provides in pertinent part:
 Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under this chapter to be served upon an employer . . . shall be by written or printed notice, served personally or by registered or certified mail addressed to the person upon whom it is to be served at his last known residence or place of business.
Id. General Statutes sec. 52-57(c) provides in pertinent part:
 In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located.
Id. (Emphasis added.) It is clear that sec. 52-57(c) CT Page 8085 governs the procedure for obtaining personal jurisdiction over a defendant private corporation while sec. 31-321
governs the procedure for notifying an employer of its right to intervene in an existing law suit. Since these two statutes govern such separate and distinct procedures, the requirements of sec. 52-57(c) cannot be applied to sec. 31-321
notice.
It is noted that sec. 31-321 has not been construed in any published decision. In the analogous case of Rourke v. Sussman, 3 Conn. L. Rptr. No. 10, 327 (March 4, 1991, Hendel, J.), however, the court held that under General Statutes sec. 31-293 notice to a particular representative of the employer is not required. It is found that the court should apply the holding of Rourke in the context of sec.31-321 in the present case as it appears that plaintiff complied with the literal requirements of sec. 31-321. Plaintiff sent the notice by certified mail to "Field View Farm Transp. 707 Derby Turnpike, Orange, Conn. 06477." The Xerox copy of the return receipt attached to the plaintiff's objection to the motion to intervene as Exhibit A bears a signature on the line denoted "(Addressee)". Although the notice is not addressed to a specific person the law of agency imputes to the principal knowledge received by an agent of a corporation while acting within his scope of authority. See Derby v. Connecticut Light Power Co.,167 Conn. 136, 142, 355 A.2d 244 (1974). In this case Field View does not claim that the person who received the notice was without such authority. Accordingly, it is found that the court should find the service of notice proper.
The objection to the Motion to Intervene is sustained.
McGRATH, J.