[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO SET ASIDE THE VERDICT
 I. Procedural Background
This case was brought to this court by writ and complaint dated September 20, 2001, on behalf of Hope M. Caprood against Atlanta Casualty Co. on the basis of an uninsured motorist claim arising out of a motor vehicle accident, which occurred on November 5, 2000, at the intersection of West Main Street and North Thames Street in the Town of Norwich, Connecticut.
It was alleged that at that time the vehicle operated by the plaintiff, which was insured by the defendant, was involved in a collision with a motor vehicle operated by an unidentified operator who did not stop at the scene of the accident.
After the evidence was presented by the plaintiff, the defendant moved the court pursuant to the Practice Book for a directed verdict . . . The court reserved decision pursuant to § 16-37 of the Practice Book, and the case was submitted to the jury. The jury returned a verdict in favor of the plaintiff. Following the verdict, the defendant moved to set aside the verdict and for judgment notwithstanding the verdict in open court setting forth specifically the reasons therefore. Argument was held. The plaintiff filed a memorandum and the defendant provided the court with multiple citations (and copies) of cases supporting the defendant's arguments. This memorandum is pursuant to the requirements of § 16-38 of the Practice Book.
 II. Grounds for Decision
The defendant in its motion has argued that there was not a scintilla of evidence of what the operator of the Cadillac automobile did or did not do which constituted negligence which was the proximate cause of the accident and the plaintiffs injuries. The defendant claims that the only CT Page 12823 witness produced with respect to the accident was the plaintiff herself. At the trial, the plaintiff did testify that when she approached the intersection, she was traveling southbound on North Thames Street intending to continue across the intersection traveling southbound on Thames Street. She testified that there was a traffic control signal at the intersection and that at the time the light was blinking red in her direction. She also testified that the light was blinking yellow for traffic traveling eastbound on West Main Street. She testified that when she reached the intersection with, the red blinking light, she stopped her 1989 Chevrolet motor vehicle; looked first to the left and then to the right, observed no vehicles and proceeded into the intersection slowly. She testified that when her car was in the intersection a collision occurred with a vehicle traveling eastbound on West Main Street, which struck the passenger side of the vehicle she was operating. She testified that she was not familiar with the streets or intersections in the area but that the intersection was well lit and that she had an unobstructed view when looking to her right for eastbound traffic on West Main Street. That was the direction in which the vehicle (later identified as a blue Cadillac by a witness who did not see the collision) was traveling. The traffic was light and the weather was clear. The layout of the roads is shown in the police report, Plaintiff's Exhibit 5, and a diagram, Plaintiff's Exhibit 3. The witness testified after the collision she lost her glasses and therefore did not see the other vehicle after the accident. Therefore, the plaintiff had testified that she did not see the blue Cadillac before the collision and she did not see the blue Cadillac after the collision. She testified that the collision caused her vehicle to spin and traveled across North Thames Street to the other side of the road. No other witness testified in court as to the cause of the accident, although the police report (Plaintiff's Exhibit 5) lists four witnesses. Three of the witnesses listed had been passengers in the vehicle operated by the plaintiff. The fourth listed witness, Nizhoni Williams. told the investigating police officer that she witnessed the collision, but her interview, reported in the police report, does not offer a suggestion as to the cause of the accident, only that the Cadillac entered the intersection and hit the Chevrolet driven by the plaintiff and left the scene of the accident. The police officer noted in the police report in evidence that Williams' account of the accident was not consistent with the damage to the plaintiffs vehicle, and upon being reinterviewed, Ms. Williams indicated that she could have been "mixed up" as to which vehicle was on which road. The police officer in the police report substantiated the plaintiffs testimony that the signal light at the intersection would have been flashing red in her direction and flashing yellow in the direction of eastbound traffic on West Main Street giving that traffic the right of way. Neither Ms. Williams nor any of the three passengers in the vehicle were called as CT Page 12824 witnesses at the trial. In addition to the report and diagram referred to above, the plaintiff also introduced as evidence a photograph of the intersection (Plaintiff's Exhibit 2) and a photograph of the passenger side of the plaintiffs vehicle after the collision (Plaintiff's Exhibit 1). The photograph shows a vehicle driven by the plaintiff which had a substantial impact on the passenger's side, the most significant portion of which appears to be just in front of the rear wheel and extending up to behind the front wheel. The only other witness at the trial was a chiropractor, Dr. Flaherty, who treated the plaintiff. The defendant offered no evidence but vigorously disputed the plaintiffs claims by cross examination.
The defendant raised a special defense in the pleadings by which they claim the plaintiff herself was negligent in several respects and claimed to have offered proof that she failed to keep a proper lookout; she violated § 14-245 by failing to grant the right of way at an intersection to a vehicle on her right; that she violated § 14-243 of the General Statutes when she moved her vehicle from the stopped position when it could not be done in reasonable safety; and that she violated § 14-299 of the General Statutes in that she failed to obey the red flashing signal and give the right of way to the vehicle approaching on her right.
The defendant based its motion not only on the alleged lack of evidence offered by the plaintiff, but also on the claim that it had established that the plaintiff was negligent pursuant to their special defense.
The plaintiff objects to the granting of the motion on the basis that the court is required to consider the evidence as offered by the plaintiff as being true and to give appropriate inferences in favor of sustaining the verdict. The plaintiff claims that the evidence offered provides the jury with a basis to determine based upon circumstantial evidence that the collision was caused by the negligence of the operator of the blue Cadillac motor vehicle by failing to keep a proper lookout and failing to maintain the vehicle under proper control which were the allegations put to the jury from the complaint. The plaintiff pointed out in argument that the court instructed the jury that circumstantial evidence was appropriate to be considered and that it was to be treated equally with direct evidence. The plaintiff claims that the evidence of the cause of the accident can reasonably and logically follow from evidence which was offered by the plaintiff as indicated above. In the memorandum of law in support of the plaintiffs objection to the motion for directed verdict, the plaintiff has called attention of the court toHinchcliff v. American Motors Corp., 184 Conn. 607 (1981), in which the court said, "A judgment of dismissal is proper `when the evidence CT Page 12825 produced by the plaintiff if fully believed would not permit the trier in reason to find the essential issues of the complaint in favor of the plaintiff.'" The plaintiff has also called to the attention of the court the case of Trumpold v. Besch, 19 Conn. App. 22 (1990), where that court found that the jury can draw logical deductions and make reasonable inferences from proven facts. Also cited by the plaintiff was the case ofAce-High Dresses v. J.C. Trucking Co., 122 Conn. 578 (1937), where the court found that in a situation such as this the evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to them and every reasonable inference is to be drawn in their favor.
The defendant on its part has cited the court to cases such as Chassev. Albert, 147 Conn. 680 (1960), in which it is found that a plaintiff is required to establish negligence on the part of the operator of the other vehicle by "sufficient evidence to remove the issue from appeal of surmise and conjecture. . . . There were so many possibilities as to the cause of the accident other than negligence in the operation of the car and a finding of negligence and the meager evidence in the case could result in a verdict for the plaintiff based only on surmise, speculation and conjecture." (At 683.)
The defendant has cited Mead v. Warehouse Transport, Inc., 165 Conn. 553
(1973), where there were no witnesses to an accident and thus the court's granting of a motion for judgment notwithstanding the verdict was upheld. Even in a case where the court said, "The plaintiffs counsel exhausted every effort to prove their allegations of negligence despite the handicap occasioned by the lack of any eyewitnesses. . . ." A similar result was called to the court's attention involving a rear end collision. Sigel v. Gordon, 117 Conn. 271 (1933). In that case, the Supreme Court said, "There is no direct testimony as to the conduct of either of the two men or the movements of the. . . . The situation can be removed from the realm of inadmissible speculation and conjecture only if the available facts and inferences properly could be drawn from them such that the jury might reasonably find therefrom a cause produced by negligence of the driver to the exclusion of other causes not involving such negligence. . . . The existence of so many possibilities as to the cause of the collision and the lack of facts which point conclusively or significantly to any one of them as due to negligence of the defendant's decedent in any respect alleged render the question of his negligence too conjectural and uncertain to warrant a verdict against the defendant." (At 274-275.)
The court finds that the evidence offered by the plaintiff clearly established only that there was a collision at the intersection of North CT Page 12826 Thames Street and West Main Street on November 5, 2000, between the two vehicles in question and that the plaintiffs vehicle was struck on the passenger's side after it had entered the intersection. The plaintiff established that the vehicle was struck with great force and violence and propelled across the intersection to a location on the opposite side of the street before. it came to rest. There was no evidence as to what caused the operator of the Cadillac to collide with the plaintiffs vehicle.
The court in this case, having given consideration to the evidence in a light most favorable to the plaintiff and allowing for every reasonable and logical inference from that evidence concludes that there is no evidence of negligence on the part of the operator of the blue Cadillac and no evidence from which the jury could reasonably and logically infer conduct which would constitute negligence on the part of the operator of the blue Cadillac and, therefore, the verdict for the plaintiff could only be based on surmise, speculation and conjecture.
Accordingly, the verdict for the plaintiff is set aside and judgment is entered for the defendant notwithstanding the verdict.
Leuba, J. CT Page 12827