MARY WARD *vs.* F. HERBERT AVERY.

First Judicial District, Hartford, May Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 8th—decided June 22d, 1931.

*Walfrid G. Lundborg,* for the appellant (defendant).

*James E. Cannon,* with whom was *Frank P. Kumpitch,* for the appellee (plaintiff).

BANKS, J. The plaintiff offered evidence to prove the following facts: The plaintiff had been a customer of, and frequent visitor in, a shoe store owned by the defendant, and during business hours entered the store and requested permission to use the telephone. A clerk replied: "Help yourself, Mrs. Ward." There were two aisles in the store, and the plaintiff proceeded along the left aisle to the rear of the store where the telephone was located. After using the telephone she turned to go out, and was approached by the manager of the store, who tried to induce her to buy a pair of shoes, and walked down the center aisle of the store with her, and distracted her attention as he endeavored to make a sale. The center aisle of the store had recently been waxed or oiled, the wax or oil had not been thoroughly removed or dried, and no warning was given the plaintiff of this condition of the floor. As she was walking down the aisle with the manager of the store the plaintiff suddenly slipped and fell, sustaining the injuries for which she seeks to recover.

The court charged the jury that any person who conducts a store for the sale of merchandise invites the public to come in, that it was the duty of the de-

fendant to use reasonable care to keep the premises, to which he had invited the plaintiff, in a reasonably safe condition, and that the failure to exercise such care would make him liable for any resulting damages.

The defendant contends that the plaintiff, not having entered the store for the purpose of making a purchase, was not an invitee but merely a licensee, and that the charge was therefore incorrect in stating that the defendant owed her the duty of exercising the care which he was bound to exercise toward one entering his store as a customer, and therefore upon his implied invitation.

The extent of the duty of the defendant depended largely upon whether the plaintiff was in the store as a licensee or upon the implied invitation of the defendant, and it was within the province of the court to charge the jury as to which relationship arose out of the facts of the case which were substantially undisputed. *Pomponio* v. *New York, N. H. & H. R. Co.*, 66 Conn. 528, 536, 34 Atl. 491; *Rooney* v. *Woolworth*, 74 Conn. 720, 723, 52 Atl. 411. The court did not err in charging the jury that the duty owed by the defendant to the plaintiff was that owed to a person who was in the store upon his invitation. True the plaintiff did not enter the store with the purpose of making any purchases. But, though it may be questioned whether, because of that fact, she was in the store upon the implied invitation of the defendant, the response of the clerk to her request for permission to use the telephone was an express invitation to her to enter and make use of the defendant's telephone. In doing so her relationship to the defendant was that of an invitee to whom he owed the duty of exercising reasonable care to keep the premises in reasonably safe condition. Though the plaintiff was a mere licensee, as claimed by the defendant, the duty devolved upon

him, when her presence in the store became known, to use ordinary care to avoid injurying her by a positive act of negligence or a failure of duty which was the equivalent of such act. *Pigeon* v. *Lane,* 80 Conn. 237, 67 Atl. 886; *Kalmich* v. *White,* 95 Conn. 568, 111 Atl. 845; *Dickerson* v. *Connecticut Co.,* 98 Conn. 87, 91, 118 Atl. 518; *Geoghegan* v. *Fox & Co., Inc.,* 104 Conn. 129, 135, 132 Atl. 408. The jury might reasonably have found upon the proof offered by the plaintiff that her injuries resulted from the failure of the defendant's employees to give her any warning of the danger from the slippery floor of which they must be presumed to have known, for which he would be liable though she were a licensee rather than an invitee. The charge of the court imposed upon the defendant no greater duty than that which devolved upon him in either aspect of the case.

Upon the case as presented there was evidence upon which the jury could reasonably find that the defendant was negligent and the plaintiff free from contributory negligence, and the court did not err in denying the defendant's motion to set aside the verdict on the ground that it was contrary to the evidence.

There is no error.

In this opinion the other judges concurred.