Cheshire,
No. 4422.

RALPH DAVIS *v.* WADE MOTOR SALES, INC.

Argued October 4, 1955.
Decided October 24, 1955.

*Walter H. Gentsch* and *William D. Tribble* (*Mr. Tribble* orally), for the plaintiff.

*Bell & Bell* (*Mr. Ernest L. Bell, III* orally), for the defendant.

LAMPRON, J.   There was sufficient evidence that the alignment

pit maintained without guard chains constituted an unreasonable risk to persons lawfully on the premises. Defendant's manager, who is also its president and treasurer, testified that guard chains are a safety measure for preventing persons from getting injured in the pit; that they are a customary thing in all garages and that he had instructed his employees to keep the chains up at all times.

The manager testified that he was on the premises about fourteen hours a day. Plaintiff's brother, an employee of defendant for about eight months before the accident testified that he never saw the chains being used to guard the pit. It could therefore be found that defendant knew that the pit was unguarded and that it constituted an unreasonable risk of injury to persons who might be expected to enter the premises. *Smith* v. *Animal Farm*, 99 N. H. 243.

Having this knowledge defendant's duty to warn the plaintiff was the same whether he was a gratuitous licensee as contended by defendant or a business invitee as plaintiff maintains. *Ward* v. *Avery*, 113 Conn. 394; Restatement, Torts, s. 343, *comment a*. It was under duty to give him information as to known existing dangerous conditions which he was not likely to discover. *Nickerson* v. *Association*, 96 N. H. 482; *Mitchell* v. *Legarsky*, 95 N. H. 214.

There was evidence that plaintiff had been in the repair department of the garage while defendant's manager, Wade, was there. No restrictions as to the use of any part of the premises were imposed on the plaintiff or any other customer by means of signs or otherwise except as to the stockroom. On previous occasions customers had used that part of the garage in the vicinity of the washstand and of the wheel alignment pit. In Wade's presence customers had entered the repair department through the showroom and from either side of the garage.

There was a large showcase displaying automobile accessories in one part of the repair shop. There were at least four lights on therein at the time plaintiff arrived there that night. He was requested by his brother, defendant's employee whose duty it was to close up the garage that evening, to put out the light near the vulcanizing machine. Surely "on this record it cannot be said as a matter of law that the plaintiff was a trespasser." *Rau* v. *Stores*, 97 N. H. 490, 496; see *Sandwell* v. *Hospital*, 92 N. H. 41; *Packard* v. *Kennedy*, 4 Ill. App. (2d) 177. He came as a business invitee to purchase gasoline and other services. Whether at the time of

his accident his status had changed to that of a gratuitous licensee it is not necessary to decide because with defendant's knowledge of the dangerous condition which existed it owed him the duty as licensee or invitee to warn him of dangerous conditions which he was not likely to discover. Restatement, Torts, *supra*. See *Nickerson* v. *Association, supra*; *Rau* v. *Stores, supra*; anno. 23 A. L. R. (2d) 1140.

Although the dimensions and characteristics of the chains used as a guard around such pits are not detailed in the record the jurors had a view of a similar pit and chain. *Connors* v. *Turgeon*, 96 N. H. 479, 481. They had an opportunity to observe, and there was also evidence as to the general surroundings of the pit in defendant's garage. A finding that defendant had reason to believe that plaintiff would not discover the condition or realize the risk of the unguarded alignment pit was sustainable on the evidence.

Nor are we of the opinion that plaintiff was guilty of contributory negligence as a matter of law. Whenever he had been in the vicinity of the pit previously the guard chains had been in place around it. That night there was no light directly in the vicinity of the pit which would clearly show the presence or absence of chains although there was light by which plaintiff could see where he was going. He testified that though he knew the location of the pit he did not know that it was so constructed as to make the passageway taper about a foot traveling in a northerly direction as he was at the time of the accident and that he was looking for all the objects there so as not to knock anything down or run into anything. He further testified that he was doing everything he could to be careful as he did not want to be hurt. "When I got—oh, about two thirds . . . along the wheel aligning pit, I slipped. My left foot came up; when it came down, there was nothing there and I went into the wheel aligning pit and hurt myself." We cannot say that the only inference permissible from that evidence was that the plaintiff exercised no care and that his failure contributed to his injury. *Montrone* v. *Archambault*, 99 N. H. 179, 181. This case is distinguishable from *Bedell* v. *Davis*, 202 F. (2d) 1, where the plaintiff slipped and fell into a grease pit in the daytime while she was stepping backward while putting down her umbrella.

It could be found on the evidence that plaintiff as a business invitee or a gratuitous licensee was injured by a defective condition in defendant's premises known to it which he was not likely to discover and about which defendant failed to warn him; that

this condition was in a part of defendant's premises in which it should have expected plaintiff to be present and that his conduct did not contribute to this injury. The defendant's motions for nonsuit and directed verdict were therefore properly denied.

The action of the Trial Court in denying defendant's motion to set aside the verdict and to grant a new trial was equivalent to a finding that it had a fair trial and such a finding will not be disturbed unless it clearly appears that it was made without evidence. *Damboise* v. *Goodman*, 86 N. H. 360, 361. We have examined the grounds for mistrial alleged by defendant, that is, the request that plaintiff leave the court during testimony of a witness, and the attempt to inquire into his particular fraternal affiliations and his war service. When there was need for such instructions the Trial Court properly instructed the jury not to consider these matters in arriving at their decision. We find no reason to disturb the Trial Court's finding.

These being the only exceptions briefed or argued by the defendant the order is

*Judgment on the verdict.*

All concurred.