Jewel POLK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17819.

United States Court of Appeals
Ninth Circuit.

March 12, 1963.

H. Donald Harris, Jr., San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and MADDEN, Judge of the Court of Claims.

PÈR CURIAM.

Following a hearing held on remand pursuant to the mandate of this Court (Polk v. United States, 291 F.2d 230, 232 (1961)), the District Court found as follows: "The undisputed evidence now in the record * * * shows that insofar as defendant was concerned the rear yard and staircase were nothing more than a means of access to the back door of his flat." And further: "When the po-

* Of the Ninth Circuit, sitting by designation.

lice officers went to defendant's residence on the night of his arrest, they did so for the perfectly proper purpose of seeking to obtain information regarding the missing marked currency. After they had rapped and shouted at the front door without response, two officers attempted to carry out their mission by going to the rear door. They did so by proceeding through a passageway, pushing past a gate having no latch and standing ajar, and climbing an outside staircase, all of which were for the joint use of the residents of both flats in the house, and which, to all appearances, were open for the use of tradesmen and other persons having legitimate business with any of the residents."

On the basis of the facts thus found, the judgment is affirmed. Compare Ellison v. United States, 93 U.S.App.D.C. 1, 206 F.2d 476, 478 (1953), with Hobson v. United States, 226 F.2d 890, 894 (8th Cir., 1955).