STATE OF CONNECTICUT *v.* SHIRLEY PLUMMER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 6-36669

Argued June 13, 1966—decided January 20, 1967

*Roger E. Koontz,* of New Haven, for the appellant (defendant).

*Alvin M. Murray,* assistant prosecuting attorney, for the appellee (state).

MARTIN, J. In a trial to the court, the defendant was convicted of the crime of lascivious carriage in violation of § 53-219 of the General Statutes. In her appeal, she has assigned error in the court's admission and exclusion of certain testimony and in its failure to strike certain evidence.

The facts may be summarized as follows: On November 16, 1965, at about 3 a.m., Burton Gifford, a detective of the New Haven police department, received a complaint from a representative of the state welfare department that the defendant was spending the night in her apartment with Harry Hodge and that "they were not married." Following this, Gifford, accompanied by Detective Lee of the New Haven police, proceeded at once to 660 Congress Avenue in New Haven, a four-story apartment building. The defendant occupied apartment 7 on the third floor. The officers entered the apartment building through the front door, which was unlocked at the time. Gifford ascended the fire escape on the front of the building and took up a position outside of the apartment window of the defendant while Lee proceeded to the front door of the defendant's apartment. Gifford beamed his flashlight through the window of the defendant's apartment and observed the defendant and Hodge together in bed. Gifford signaled to Lee, who banged on the front door. Hodge and the defendant got out of bed and were observed by Gifford to be in a state of undress. Lee continued to bang on the door; the door came open, and both detectives entered the apartment. Upon questioning, the defendant stated that she and Hodge were girl friend and boy friend and that they intended to marry as soon as she could get a divorce from her husband.

The defendant has alleged that the court erred in admitting Gifford's testimony; in failing to permit the defendant to inquire as to the identity of the informant; in failing to permit the defendant to inquire as to the identity of the person who left the front door to the apartment building unlocked; and in admitting certain statements made by the defendant to the arresting officers.

The defendant first asserts that the evidence obtained as a result of observations by a police officer from the fire escape of an apartment building into the interior of the defendant's apartment violated her right to privacy and constituted an unreasonable search. It is the defendant's contention that the police officer had no right to enter the building and no right to be on the fire escape and that the evidence obtained is inadmissible because it was obtained in violation of defendant's rights under the fourth and fourteenth amendments to the United States constitution.

We first consider whether the entrance into the apartment building by means of an unlocked door was an unlawful trespass. The police officers in this instance were acting on the speedy information of others and were conducting an investigation in the performance of their duties. Acting on speedy information, they had both a right and a duty to conduct an investigation and, if necessary, to make an arrest without a warrant. General Statutes § 6-49. Since the duty to investigate existed, the presence of the officers on the premises could not be considered a violation of the defendant's right to privacy. *State v. Carr,* 2 Conn. Cir. Ct. 247, 255.

The general rule is that in the absence of a statute or municipal ordinance a policeman who comes on the premises in the discharge of his duty, but without an express or implied invitation to enter, is a

licensee. 38 Am. Jur., Negligence, § 124. Indeed, if the conditions for the exercise of a public duty exist, the occupier would not be privileged to exclude the officer. 2 Harper & James, Torts § 27.14 n.21; see *United States* v. *St. Clair,* 240 F. Sup. 338. Our Supreme Court has held that one who enters upon premises in the performance of a public duty enters under a permission created by law, and his status is akin to that of a licensee. *Roberts* v. *Rosenblatt,* 146 Conn. 110, 113, and, more recently, *Haffey* v. *Lemieux,* 154 Conn. 185, 188. The police officers, acting on speedy information, entered the building in the discharge of their official duties, as was required by statute, to conduct an investigation; they had the status of licensees and were therefore lawfully on the premises.

The defendant next asserts that the observations made by Gifford from the fire escape were unlawful because they were made from a constitutionally protected area. The fire escape was of the type designed to serve a four-story multiple dwelling. It was not exclusively in the control or possession of the defendant but was common for other apartments in the building. The fact that the defendant had a right to use the fire escape in common with others is not constitutionally significant. It has been held that a defendant's constitutional rights have not been violated where officers used areas over which a defendant has a right of passage appurtenant to the space occupied. *Polk* v. *United States,* 314 F.2d 837; *Safarik* v. *United States,* 62 F.2d 892, 895; *United States* v. *St. Clair,* supra. In the *St. Clair* case, entry of a five-apartment dwelling was gained by forcing the door without the landlord's permission, and, from a landing, observations were made which resulted in an arrest. In denying the defendant's claim of unreasonable search, the court said (p. 340): "[T]o hold that the common corridors,

public hallways, landings and stairwells may be considered part of the tenant's home and that his right of privacy under the Fourth Amendment extends to such areas, would raise unreasonable barriers to law enforcement."

Having concluded that Gifford was lawfully in the building and lawfully on the fire escape, we next consider the defendant's contention that the use of a flashlight by Gifford was an unreasonable search and an invasion of the defendant's right of privacy. The courts have had many occasions to review this question. *United States* v. *Lee,* 274 U.S. 559, 563 (searchlight directed on a vessel on the high seas); *Bell* v. *United States,* 254 F.2d 82, 83–84 (flashlight shone on back seat of car); *Safarik* v. *United States,* supra (flashlight beamed through window of a chicken coop). In all these cases, the courts have held that the use of a flashlight is not prohibited by the constitutional guarantee. "The use of a searchlight or flashlight, being comparable to the use of a field glass, is not prohibited by the constitutional guaranty." 79 C.J.S., Searches and Seizures, § 31.

The defendant alleges that the court erred in admitting certain statements in the nature of a confession made by the defendant to the arresting officers because she had not been advised of her right to remain silent and her right to counsel prior to making the statements.

The admissibility of a confession is determinable by the trial court, but the determination must be made according to constitutional standards which satisfy the due process clause of the fourteenth amendment. *Rogers* v. *Richmond,* 365 U.S. 534, 545. The ultimate test of admissibility is the voluntariness of the confession. *Culombe* v. *Connecticut,* 367 U.S. 568, 602; *State* v. *Traub,* 151 Conn. 246, 249. The state must prove as a prerequisite to admissibil-

ity that under all the circumstances the confession was voluntary, and the circumstances must be closely scrutinized. *Gallegos* v. *Colorado, 370* U.S. 49, 52; *State* v. *Traub,* supra.

Our Connecticut law provides that a person charged with a crime has a right to be presented at the next session of court and then and there advised of his right to counsel, right to bail, and right to remain silent. The law further provides that statements made by any accused who has been denied this right shall be inadmissible in evidence. General Statutes §§ 54-1b, 54-1c. This court has decided that, under certain circumstances, the right to counsel arises when the police investigation has been completed. *State* v. *Tramont,* 2 Conn. Cir. Ct. 552; *State* v. *Krozel,* 24 Conn. Sup. 266, 1 Conn. Cir. Ct. 549.

The defendant relies heavily on *Escobedo* v. *Illinois,* 378 U.S. 478, and *United States ex rel. Russo* v. *New Jersey,* 351 F.2d 429, neither of which has any particular application to the instant case. In both the *Escobedo* and *Russo* cases, the courts applied the test of voluntariness and, because of the circumstances, rejected the confessions made. In the *Escobedo* case, the accused requested the right to counsel, was denied it, and was then subjected to lengthy interrogation. The decision in the *Russo* case was based on the physical condition of the accused, the length of time he was in custody, and a sustained period of interrogation. In the instant case, the statements of the defendant were made in her own apartment during the course of the investigation. There is no suggestion of any compulsion, of whatever nature or however infused, and no suggestion of sustained interrogation. *Culombe* v. *Connecticut,* supra. The trial court could have found that the statements of the defendant were voluntary.

This case was tried April 1, 1966, and therefore does not come within the principles enumerated in *Miranda* v. *Arizona,* 384 U.S. 436, since the trial was prior to June 13, 1966, the date from which *Miranda* is applied prospectively. *Johnson* v. *New Jersey,* 384 U.S. 719, 721.

The defendant next asserts that she is entitled to know the identity of the informant who initiated the investigation. The weight of authority is to the contrary. Disclosure of the identity of the informant by the state is not required. *Rugendorf* v. *United States,* 376 U.S. 528; *Jones* v. *United States,* 362 U.S. 257, 269. Where disclosure has been granted, it has been where probable cause has been predicated upon information obtained from the informant. *United States* v. *Robinson,* 325 F.2d 391. In the instant case, the arrest was not made on probable cause but on observations made by the arresting officers.

The claim of the defendant that she is entitled to inquire as to the identity of the person who left the door to the apartment building unlocked is dismissed as irrelevant and immaterial. Considered in the light of the evidence offered, the line of questioning constituted nothing more than the classic "fishing expedition."

We conclude that Detective Gifford was lawfully on the premises and on the fire escape; that his use of a flashlight was not unreasonable; and that his observations, together with the statements of the defendant, justified the court in concluding that the defendant was guilty beyond a reasonable doubt.

There is no error.

In this opinion IRVING LEVINE and KOSICKI, Js., concurred.