EDWARD MORIN *v.* BELL COURT CONDOMINIUM
ASSOCIATION, INC.
(9241)
(9260)

DUPONT, C. J., SPALLONE and LANDAU, Js.

Argued March 18—decision released June 25, 1991

*John A. Blazi,* for the appellant (named plaintiff).

*Ralph G. Eddy,* for the appellee (defendant).

SPALLONE, J. The plaintiff appeals from the judgment of the trial court rendered in favor of the defendant after the court granted the defendant's motions to set aside the jury's verdict and for judgment notwithstanding the verdict. On appeal, the plaintiff claims that the trial court (1) improperly refused to instruct the jury to determine whether the plaintiff was an invitee or a licensee, (2) improperly concluded that there was

insufficient evidence to sustain the verdict, and (3) applied an improper standard of law regarding constructive notice of the plaintiff's presence on the premises to the motion to set aside the verdict. We affirm the judgment of the trial court.

The evidence that was introduced at trial indicates the following. At the time of the incident, the plaintiff was an East Hartford police officer. The defendant, Bell Court Condominium Association, Inc., is the representative body of a condominium complex. Ten Bell Court is a three story section of the condominium complex with two apartments on each floor and is served by a front and rear common hallway and staircase.

On May 13, 1986, the plaintiff responded to a radio dispatch warning of a fire at Bell Court. Upon arriving at the scene, the plaintiff entered the rear common entrance and, while in the process of evacuating apartments on the three floors of 10 Bell Court, fell while descending the common staircase. A stairway defect caused the plaintiff's fall.

At the conclusion of the evidence, the trial court instructed the jury as to the duty owed by a possessor of land to a licensee. The plaintiff's counsel objected to the charge, maintaining that the determination of the plaintiff's status as a licensee was a factual issue that should be decided by the jury. The trial court overruled the objection and the plaintiff took an exception.

The jury returned a general verdict for the plaintiff. The defendant filed a motion to set aside the verdict and, after a hearing, the trial court granted the defendant's motion on the ground that there was no evidence on which the jury could have reasonably concluded that the defendants knew or should have known of the plaintiff's presence on the premises at the time and place of the incident.

The plaintiff first claims that the trial court improperly instructed the jury that the status of the police officer plaintiff was that of a licensee. The plaintiff asserts that the question of the police officer's status was one of fact for the jury to determine. We disagree.

"Ordinarily, the status of one who sustains injury while upon the property of another is a question of fact. *Dickau* v. *Rafala,* 141 Conn. 121, 124, 104 A.2d 214 [1954]; *Girard* v. *Kabatznick,* 128 Conn. 520, 525, 24 A.2d 257 [1942]; *Knapp* v. *Connecticut Theatrical Corporation,* 122 Conn. 413, 417, 190 A. 291 [1937]. Where, however, the facts essential to the determination of the plaintiff's status are not in dispute, a legal question is presented. *Ward* v. *Avery,* 113 Conn. 394, 396, 155 A. 502 [1931]; *Rooney* v. *Woolworth,* 74 Conn. 720, 723, 52 A. 411 [1902]; *Arthur* v. *Standard Engineering Co.,* 193 F.2d 903, 906 [D.C. Cir. 1951], cert. denied, 343 U.S. 964, 72 S. Ct. 1057, 96 L. Ed. 1361 [1952]." *Roberts* v. *Rosenblatt,* 146 Conn. 110, 112–13, 148 A.2d 142 (1959); see also *Moonan* v. *Clark Wellpoint Corporation,* 159 Conn. 178, 185, 268 A.2d 384 (1970). The essential facts in this case are that the plaintiff was a member of the East Hartford police department, the defendants were property owners within East Hartford, and the plaintiff entered upon that property in the performance of a public duty in response to a fire alarm and was injured while upon the premises owing to an alleged defect therein.

On the basis of these facts, the court properly instructed the jury that, as a matter of law in Connecticut, the plaintiff, a police officer who entered upon the premises in the performance of a public duty, occupied a status akin to that of a licensee and that the defendants owed him no greater duty than that due a licensee. *Furstein* v. *Hill,* 218 Conn. 610, 623–24, 590 A.2d 939 (1991); *Roberts* v. *Rosenblatt,* supra, 113; *Carfora* v. *Globe, Inc.,* 5 Conn. App. 526, 500 A.2d 958, cert.

denied, 198 Conn. 804, 503 A.2d 1186 (1985); *State* v. *Plummer,* 5 Conn. Cir. Ct. 35, 38, 241 A.2d 198 (1967); 2 Restatement (Second), Torts § 345, comment c.

In order to establish liability as to a licensee, three essential elements must be present: (1) that the defendant knew of the presence of the plaintiff; (2) that it thereafter failed to exercise reasonable care to refrain from actively subjecting the plaintiff to danger or to warn him of a dangerous condition of which it knew and of which it could not reasonably assume the licensee knew or which by reasonable use of his faculties would observe; and (3) that such failure constituted the proximate cause of the plaintiff's injuries. *Hennessey* v. *Hennessey,* 145 Conn. 211, 213, 140 A.2d 473 (1958). "The duty which a licensor owes to a licensee on the licensor's premises does not arise where there is no actual knowledge on the part of the licensor of the licensee's presence or where there are no circumstances from which such knowledge could be imputed to the licensor. See *Haffey* v. *Lemieux,* 154 Conn. 185, 189, 224 A.2d 551 (1966); *Lubenow* v. *Cook,* [137 Conn. 611, 614, 79 A.2d 826 (1951)]; *Ward* v. *Avery,* 113 Conn. 394, 397, 155 A.2d 502 [1931]." *Corcoran* v. *Jacovino,* 161 Conn. 462, 468, 290 A.2d 225 (1971). There was no evidence adduced at trial that the defendant had actual knowledge of the plaintiff's presence on the premises prior to the accident. In order for the plaintiff to prevail, therefore, the evidence must show that the circumstances were such that the knowledge of the plaintiff's presence could be imputed to the defendant.

Such circumstances are sufficient to impute knowledge of presence to the defendant only where they are "the equivalent of actual knowledge." *Corcoran* v. *Jacovino,* supra. This equivalent arises where the defendant could have and should have reasonably anticipated the plaintiff's presence on the premises because of the regular pattern of such presence at the approxi-

mate time of day and place of the injury as, for example, where a mailman delivers mail each day. Id. The plaintiff's presence thus becomes reasonably predictable and forseeable. See also *Derby* v. *Connecticut Light & Power Co.,* 167 Conn. 136, 142, 355 A.2d 244 (1974), cert. denied, 421 U.S. 931, 95 S. Ct. 1659, 44 L. Ed. 2d 88 (1975); *Haffey* v. *Lemieux,* supra.

Although there was testimony that the plaintiff had been on the premises in the past, as had other police officers, in response to tenants' complaints, this knowledge is not imputable to the defendant. In order to charge the defendant with knowledge of the plaintiff's presence, either actual or constructive, the evidence must show that the plaintiff had used a particular portion of the premises with such reasonable regularity that there was a predictable pattern of previous use and that the jury could find from such evidence that the defendant had the equivalent of actual knowledge of the plaintiff's presence in the stairwell at the approximate time he was there. *Corcoran* v. *Jacovino,* supra. Unless there is an historical pattern of prior usage, that is, usage with reasonable regularity as a particular place and at an approximate time, then the trier of fact cannot find that the plaintiff's appearance on the premises and his use of the premises has become reasonably predictable. *Haffey* v. *Lemieux,* supra, 188–89. Although the evidence indicated that the plaintiff and other officers had come to the premises on several occasions, the police calls did not come in any particular pattern or with any particular regularity. Accordingly, the circumstances are insufficient in this case to impute the knowledge of the plaintiff's presence at the time and the place of the injury to the defendant.

The plaintiff asserts that the trial court should have applied a broader standard of constructive knowledge in reviewing the defendant's motion to set aside the verdict, allowing recovery if the plaintiff or some other

member of the public regularly passed over the premises. The trial court, however, followed applicable law in determining the scope of constructive knowledge as applied to this case.[1]

Accordingly, we hold that in setting aside the verdict and in rendering judgment for the defendant notwithstanding the verdict, the trial court acted correctly and in accordance with applicable law.

The judgment is affirmed.

In this opinion LANDAU, J., concurred.

DUPONT, C. J., dissenting. I respectfully disagree with the decision of the majority affirming the granting of the defendant's motion to set aside the jury's general verdict in favor of the plaintiff and the rendering of judgment for the defendant notwithstanding verdict. The trial court rendered judgment for the defendant on the basis that there was no evidence from which the jury could have reasonably concluded that the defendant had actual or constructive knowledge of the plaintiff's presence on the premises at the time and place of the accident. I do not disagree that as a matter of law the plaintiff was a licensee, and, that, therefore, the court was correct in not allowing the jury to decide the status of the plaintiff at the time of his injury on the defendant's premises. *Furstein* v. *Hill,* 218 Conn. 610, 590 A.2d 939 (1991); *Roberts* v. *Rosenblatt,*

---

[1] A broader standard of liability is sometimes applied where the premises are open to the public. 2 Restatement (Second), Torts § 345 (2). Comment (e) on subsection (2) provides in part: "Where the premises are held open for the use of the public, and a fireman or policeman enters upon a part of the premises which is so held open, and at a time when it is open, he may reasonably assume that reasonable care has been used to prepare the land for the reception of the public, and to make it safe for them. . . . The visitor is therefore entitled to the status of an invitee . . . ."

In this case, where the premises are private residential units, there is no evidence that the premises were held open for the use of the public.

146 Conn. 110, 112–13, 148 A.2d 142 (1959); 2 Restatement (Second), Torts § 344. I do not agree, however, that the standard used by the trial court in its memorandum of decision to establish constructive notice of the plaintiff on the defendant's premises was correct because I believe it is too restrictive. Further, I believe that the standard used by the trial court in its charge, and from which the court deviated in its memorandum, was correct. Because, in my opinion, the charge was correct, and because the evidence was sufficient for the jury to find that the defendant did have constructive notice of the plaintiff's presence, I conclude that the court should not have set aside the verdict.

The defendant in this case, a condominium association, maintained the common areas of Bell Court Condominiums in East Hartford. On May 13, 1986, at approximately 6 p.m., the plaintiff, an East Hartford police officer, was on the premises of one six unit building in the condominium complex in response to a call reporting a fire in the building. He was injured when he fell down the common stairway at the rear of the building while attempting to evacuate the residents. According to uncontroverted expert testimony given at trial, the plaintiff's fall was caused by a defect in the stairway.[1]

In a one count complaint, the plaintiff sued the condominium association claiming, among other things, that the defendant was negligent in maintaining the staircase and the defendant failed to warn the plaintiff of the defective condition of the staircase. The court instructed the jury about the duty of care owed a

[1] This case, unlike that of *Furstein* v. *Hill,* 218 Conn. 610, 590 A.2d 939 (1991), does not involve a claim by the defendant that there was insufficient evidence from which the jury could conclude that the defendant had constructive knowledge of the dangerous condition. The defendant in the present case does not argue that the charge of the trial court was defective as to this issue.

licensee and the circumstances under which knowledge of the plaintiff's presence could be imputed to the defendant. The plaintiff objected to only that portion of the instruction defining his status as a licensee. The defendant did not object to the instruction at all and does not assert, on appeal, that any portion of the instruction constituted plain error.

The court, in its memorandum of decision, stated that because the plaintiff's visits to the defendant's premises were not of "a regular nature," there was insufficient evidence to support constructive notice of the plaintiff's presence on the premises. The court's charge to the jury, in pertinent part, was as follows: "If the coming upon the property of these individuals [the police] becomes reasonably predictable, and where the presence of the licensee at the approximate time and place of the injury reasonably could and should be anticipated by the licensor, this should be regarded as the equivalent of actual knowledge of his presence."[2] The

[2] The relevant text of the charge is as follows: "Here it is undisputed that the defendant had no actual knowledge of the presence of the plaintiff on his property on this particular date and at this particular time; therefore, you could not find that the defendant had actual notice of the plaintiff's presence at the time of the accident. So when you move to the question of whether or not he had constructive notice from other circumstances, other facts, is it reasonable to conclude that the defendant knew of the plaintiff's presence on the property at that time. You must inquire as to whether there were circumstances from which knowledge of the plaintiff's presence could be imputed to the defendant. In other words, you must determine whether or not, short of actual knowledge, whether the plaintiff has established that the defendant could reasonably have anticipated his presence at that time and place in question.

"The presence of a licensee might reasonably be anticipated if, for example, the licensee has previously used his license with reasonable regularity and has come upon the land about the same time of day, same time of day to the same location. For example, the mailman might do so, this coming upon the property becomes reasonably predictable. I think there has been some testimony here from the police sergeant that he had but heard of police officers responding to this property in the past for domestic disputes and, I think, vandalism. He may also have heard some testimony from Mr. Thibodeau about his conclusion that—I don't know as he had any direct

court's charge noted that police officers had responded to calls to this property in the past for domestic disputes and vandalism and that they had been at various parts of the property, and that the plaintiff had also been called to the premises in the past. The court charged the jury: "It is for you to determine whether there has been evidence of circumstances from which knowledge of the plaintiff's presence could be imputed to the defendant."

Ordinarily, a landowner owes no duty to a licensee on the landowner's premises unless the landowner has actual or constructive knowledge of the licensee's presence. *Corcoran* v. *Jacovino,* 161 Conn. 462, 468, 290 A.2d 225 (1971). A landowner has constructive knowledge of a licensee's presence when there are circumstances from which such knowledge may be imputed to the landowner. Id. The trial court applied a stringent standard for evaluating constructive knowledge when it decided the defendant's motion to set aside the verdict. It relied on a case where the status of the plaintiff, a United States Postal Service letter carrier, was arguably that of a business invitee and the accident occurred on land in the exclusive possession of one owner. *Haffey* v. *Lemieux,* 154 Conn. 185, 188, 224 A.2d 551 (1966). Knowledge of the individual licensee's presence was imputed to the landowner because his visits were predictable because of their regularity as to time and place. Id., 188–89. The *Haffey* court stated that where "the presence of the licensee at the approx-

knowledge, but he observed that he thought that police had perhaps been to this property on occasions in the past at various parts of the property, but again, as I say, it is your recollection that controls on that point. And so that if the coming upon the property of these individuals becomes reasonably predictable, and where the presence of the licensee at the approximate time and place of injury reasonably could and should be anticipated by the licensor, this should be regarded as the equivalent of actual knowledge of his presence."

imate time and place of the injury reasonably could, and should, be anticipated by the licensor, this should be regarded as the equivalent of actual knowledge of the licensee's presence at that time and place in the application of the rule as to the measure of duty owed to the licensee." Id., 189.

Where a rule states that constructive knowledge of the trespasser's or licensee's presence is required, the likelihood of either being present at the time of an accident may also be established circumstantially. See *Carlson* v. *Connecticut Co.,* 95 Conn. 724, 730, 112 A. 646 (1921).

The common areas of multiunit dwellings and condominium complexes have an unusual character because they are neither in the exclusive control and possession of an individual owner nor open to the general public, but open to members of the public invited there as social and business invitees by the individual unit owners.

Section 345 (2) of the Restatement (Second) of Torts provides an exception to the general rule of 2 Restatement (Second), Torts § 345 (1). Subsection (1) provides that the liability of a possessor of land to a policeman or fireman is the same as the liability to a licensee. The rationale for the general rule of restricting the duty owed to a licensee such as firemen and policemen is that they are likely to enter the landowner's premises at unforseeable times and on unusual parts of the premises, so that preparation for the visits cannot be expected. The exception provided in subsection (2) is as follows: "The liability of a possessor of land to a public officer or employee who enters land in the performance of his public duty, and suffers harm because of a condition of a part of the land held open to the public, is the same as the liability to an invitee." See also *Brady* v. *Consolidated Rail Corporation,* 35 Ohio St.

3d 161, 163–64, 519 N.E.2d 387 (1988). The rationale of subsection (1) "suggests that an exception to the rule may exist when a public officer is injured by a defective condition on a portion of the land held open to the public at a time when the public might reasonably be expected to be present, and courts have indeed recognized such an exception." *Furstein* v. *Hill,* supra, 617 n.1.

If premises are held open for the use of the public, and a fireman or policeman enters on those premises at a time and place forseeable if he or she were a member of the public, the usual reasons for determining that the landowner could not have anticipated that presence due to the entrance at an unforseeable time or place vanish. See 2 Restatement (Second), Torts § 345, comment (e) on subsection (2). The plaintiff here was on a common stairway at 6 p.m. Neither the place nor the time of his injury was unusual.

The case on which the majority relies, *Haffey* v. *Lemieux,* supra, involved a single-family dwelling, as does *Furstein* v. *Hill,* supra. Unlike private residences, multiunit dwellings have common areas designed for use at reasonable times by a wide variety of invitees and licensees, ranging from social guests of the residents to repairmen, firefighters and police officers. The special character of the common areas of multiunit dwellings has been noted, particularly in cases involving landlord and condominium association liability for the criminal acts of third persons. See *Frances T.* v. *Village Green Owners Assn.,* 42 Cal. 3d 490, 501, 723 P.2d 573, 229 Cal. Rptr. 456 (1986). These cases also frequently evaluate what constitutes notice to a landowner of the presence of dangerous persons, and the reasoning applied in those cases is helpful here. In *Frances T.,* the defendant tried to argue that because the prior reported criminal activities were buglaries, but the crime alleged in the plaintiff's complaint was

a rape, it could not foresee the particular harm done to the plaintiff and thus was not liable for negligence for its failure to install security lights. The California Supreme Court rejected this argument, stating: " '[F]oreseeability is determined in light of all the circumstances and not by a rigid application of a mechanical "prior similars" rule.' " Id., 502.

The standard of *Haffey* v. *Lemieux,* supra, adopted by the trial court in its memorandum of decision and by the majority, is such a "mechanical 'prior similars' rule." The more flexible standard for determining constructive knowledge used by the trial court in its instructions is the better rule when considering cases involving licensees who enter a semipublic area at a time when business and social invitees might also enter.

Our case law allows trespassers, to whom a landowner owes a lesser duty of care, to recover when their presence is only anticipated. *McPheters* v. *Loomis,* 125 Conn. 526, 533, 7 A.2d 437 (1939); *Carlson* v. *Connecticut Co.,* supra; *Yeske* v. *Avon Old Farms School, Inc.,* 1 Conn. App. 195, 202, 470 A.2d 705 (1984). If it is "for the jury to decide if a defendant knows or has reason to know that children are likely to trespass on that portion of his land where the instrumentality is located"; *Yeske* v. *Avon Old Farms School, Inc.,* supra, 201; it is for the jury to decide if a defendant could have anticipated the presence of the plaintiff on May 13, 1986, at 6 p.m., on a common stairway of the defendant's multiunit premises. In *Yeske,* the question for the jury to decide was whether the defendant knew or had reason to know that children were likely to trespass by bicycle or minibike on a trail on its property across which it had strung a cable. There, the court reviewed the record and found evidence of the operation of cars, minibikes and snowmobiles on different trails on the defendant's property, and that the defendant had placed the cable across this particular trail to prevent

trespassers from using it. Id., 199. We found this evidence sufficient to sustain the jury's verdict for the plaintiff.

Given the evidence of the record here, as in *Yeske,* the defendant's knowledge of the presence of an intruder or licensee on the land cannot be considered so finite as to exclude the likelihood that the plaintiff would be present at the time and place the accident occurred. Ten Bell Court, the site of the plaintiff's accident, is a six unit dwelling in a complex that normally houses about 200 people. A sergeant with the East Hartford police department testified that the residents of the complex called the department with a variety of complaints ranging from reports of suspicious persons to domestic violence complaints, and that response to these complaints required the police to enter the common areas of the complex. The manager of the condominium association also testified that the police responded to specific complaints of vandalism, and that the only access to the units was through the common hallways. Significantly, the plaintiff testified that he, one of many East Hartford police officers, had been dispatched to the condominium complex twenty or thirty times prior to the accident. This evidence was sufficient to enable the jury to conclude, as instructed by the court, that police officers as a class, as well as the plaintiff as an individual, were "accustomed to pass over a particular portion" of the defendant's property.

In my opinion, there was evidence from which the jury could conclude that the defendant could reasonably have anticipated the plaintiff's presence at the time and place in question. I do not read the cases or the Restatement Second as meaning that in a multiunit complex, the presence of a licensee must be anticipated at a precise location or particular time before liability may attach as long as that location is in a common area and at a time the location is accessible to the public.

In my opinion, the charge was correct and it properly left to the jury the determination of whether the defendant had constructive notice of the plaintiff's presence. Since there was no objection to the charge by the defendant and there was evidence from which the jury could conclude that there was constructive notice of the plaintiff's presence, the verdict should not have been set aside. See *Yeske* v. *Avon Old Farms School, Inc.*, supra, 203.

The defendant also claims, as an alternate basis for upholding the trial court's judgment, that the plaintiff cannot recover as a matter of law because the plaintiff did not allege in its complaint that the defendant knew or should reasonably have anticipated the presence of the plaintiff on the day of the accident and at the approximate time and place in question. "The absence of a requisite allegation in a complaint that would have justified the granting of a motion to strike . . . is not a sufficient basis for vacating a judgment unless the pleading defect has resulted in prejudice." *Tedesco* v. *Stamford,* 215 Conn. 450, 457, 576 A.2d 1273 (1990). The defendant does not claim any prejudice and the verdict cured any alleged absence of an essential allegation in the complaint. Id. I would not, therefore, have upheld the trial court's judgment on this alternate ground.