[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION FACTS
On or about July 20, 1987, at approximately 1:00 A.M., the plaintiff, Winfred Martin (Martin), a police officer of the Town of Rocky Hill, Connecticut, acting in the course of his employment as a police officer, responded to a call to break up an altercation between two women at a bar and restaurant commonly known as Smuggler's Inn in Rocky Hill. Prior to Martin's arrival at the Smuggler's Inn, the altercation for which he was summoned had been resolved. Upon arriving at Smuggler's Inn, plaintiff Martin went inside the establishment to talk with the manager and an employee. During the plaintiff's conversation with the manager and the employee, a fight broke out between one Neal Tower and one Joe A. Rodriguez.
Subsequently, the plaintiff, while still on the premises of the Smuggler's Inn, attempted to break up the altercation between Tower and Rodriguez. The defendants, Tower and Rodriguez, subsequently assaulted the plaintiff and the plaintiff claims injuries as a result of the assault by Neal and Tower.
The defendants herein move for summary judgment.
DISCUSSION
A movant for summary judgment is held to a strict standard demonstrating his entitlement to such remedy. Kakadelis v. DeFabritis, 191 Conn. 276, 282. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 316-17.
As to whether the plaintiff was an invitee or a licensee ordinarily this would be a question of fact to be determined at trial. Where, however, the facts pleaded by the plaintiff establish his status, a question of law to be determined by the court is presented. Roberts v. Rosenblatt, 146 Conn. 110, 112.
In Furstein v. Hill, 218 Conn. 610, the Connecticut Supreme Court extended the so-called "fireman's rule" to include a police officer in the performance of his duty. Accordingly, a police officer in the performance of of his duty occupied a status CT Page 6123 "akin to that of a licensee, to whom the owners of such premises owed no greater duty than that due a licensee."
The plaintiff herein was a licensee at the time of the incident alleged in the complaint.
In order to establish liability as to a licensee, three essential elements must be present: (1) that the defendant knew of the presence of the plaintiff; (2) that it thereafter failed to exercise reasonable care to refrain from actively subjecting the plaintiff to danger or to warn him of a dangerous condition of which it knew and of which it could not reasonably assume the licensee knew or which by reasonable use of his faculties would observe; and, (3) that such failure constituted the proximate cause of plaintiff's injuries. Morin v. Bell Court Condominiums Assn., 25 Conn. App. 112, 116.
The motion for summary judgment is to be denied when (a) there is permissible room for conflicting inferences, see United Oil Co. v. Urban Development, 158 Conn. 364, 379; or (b) movant fails to foreclose the possibility of existence of issues of material fact, see Fogarty v. Rashaw, 193 Conn. 442, 445.
Inferences to be drawn from underlying facts contained in evidentiary materials must be viewed in a light most favorable to party in opposition. D.H.R. Construction Co. v. Donnelly,
180 Conn. 430, 434.
The so-called "fireman's rule" is sound public policy. However, this court cannot find as a matter of law that there is no genuine issue as to any material fact relevant to the duty owed by the occupier of land to the licensee plaintiff.
The motion for summary judgment is denied.
Miano J.