[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
The plaintiffs, Anthony Amoroso and Katherine Lorensen, by motion dated January 13, 1995 have moved to set aside the verdict directed in favor of the defendants Roddy Geddes and Donna Geddes on January 9, 1995. In their motion, the plaintiffs state that the court directed a verdict on the grounds that the plaintiff had failed to prove that the defendants knew that on the date of the injury, (1) the minor plaintiff was present on their property and (2) he was using a chainsaw on their property on that date.
The plaintiffs argue that the court's instruction that a verdict enter in favor of the defendants was contrary to law and contrary to the evidence presented. CT Page 2678
In directing the verdict in favor of the defendants, the court considered the evidence submitted by the plaintiff in reaching its conclusion that no duty was owed to the plaintiff by the defendants. The court found that the evidence was insufficient to establish the defendants' knowledge that the plaintiff was on their premises on the date of the incident and that the defendants did not own the chainsaw which the plaintiff was using when this incident occurred.
Moreover, as to the wood pile where the plaintiff was working, the plaintiff's evidence established that pile was constructed by the minor plaintiff himself along with the defendant's son. On the date of this incident, the plaintiff himself pulled various logs from the pile and he, by his own admission, was inattentive to the log rolling from the pile which ultimately hit the chainsaw causing plaintiff's injuries.
In the presentation of their case, plaintiffs called the defendant Roddy Geddes whose testimony established only that he owned the property where this incident occurred and that the minor plaintiff was welcome on the Geddes' property. Those facts alone clearly do not establish any duty owed to the minor plaintiff by Mr. and Mrs. Geddes who did not testify.
A directed verdict is justified, if, on the evidence the jury could not reasonably and logically reach any conclusion other than that as directed by the court. Lombardi v. J.A. Bergren DairyFarms, Inc., 153 Conn. 19, 23 (1965). In addition, a directed verdict is justified if the evidence is so lacking that it would be proper for the court to set aside a verdict rendered by the jury for the other party. Although the elements of a cause of action may be established on the basis of inferences drawn from circumstantial evidence, such inferences must be reasonable and logical and the conclusions based on them must not be the result of speculation and conjecture. When an element necessary to a cause of action cannot be established without conjecture, the evidence presented cannot withstand a motion for directed verdict. Boehm v. Kish, 201 Conn. 385,389 (1986).
It is recognized that directed verdicts are disfavored and should be granted only where the jury could not reasonably and logically reach any other conclusion. Petyan v. Allen, 200 Conn. 243,244 (1986); Pinto v. Spigner, 163 Conn. 191, 192-93, (1972). However, "if the evidence in a case presents such a situation that the minds of fair and reasonable men cannot reach but one CT Page 2679 conclusion, there is no question for a jury. The case should bedecided by the judge as essentially a question of law, and he maydirect a verdict." Terminal Taxi Co. v. Flynn,, 156 Conn. 313, 317
(1968). (Emphasis added).
Although a jury has the right to draw logical deductions and inferences form the evidence provided; Champagne v. Raybestos-Manhattan,Inc., 212 Conn. 509, 529 (1989); the jury may not resort to conjecture and speculation. Burke v. West Hartford, 147 Conn. 149,151-52 (1960). If the evidence as submitted by the plaintiff would not reasonably support the finding of the particular issue, the trial court has a duty not to submit it to the jury. Merola v.Burns, 21 Conn. App. 633, 636 (1990); Souper Spud, Inc. v. AetnaCasualty and Surety Company, 5 Conn. App. 579, 584 (1985), cert. denied. 198 Conn. 803 (1986).
The plaintiff in Furstein v. Hill, 218 Conn. 610 (1991); advanced the position that Connecticut General Statutes Section 52-557a
abrogated the distinction between licensees and invitees. The supreme court rejected the plaintiff's argument after reviewing the legislative committee hearings relating to the passage of the statute. In discussing the legislature's intent as manifested by the statute, the court stated as follows:
 The statute as ultimately enacted manifests no legislative undertaking to abrogate all distinctions between licensees and invitees, as at least one state legislature has done. The language of 52-557a indicates rather that the legislature intended to require a landowner to exercise the same standard of care toward every person whom he "invited" onto his premises whether the owner extended such an invitation for business or for pleasure. The legislature evidently reasoned that, because the presence of social guests at a particular time and place was as foreseeable as the presence of business invitees, a landowner's duty of care to both groups should be the same.
This is in line with the statements made during legislative debates which set forth that the purpose of the statute was "to give the same protection to a person invited for occupier's pleasure as for one who is invited for his business." (Emphasis added.)
Thus, Section 52-557a does not equate social invitee with social licensee. The court in Furstein recognized the continued CT Page 2680 importance of the element of an invitation in order for one to achieve the status of invitee as opposed to licensee. This certainly does not mean that every person who is permitted to enter or remain upon the premises is to be considered an invitee.
The earlier supreme court case of Corcoran v. Jacovino,161 Conn. 462 (1971); recognized that Section 52-557a recognized a third kind of invitee, that is, a social invitee. The court went on to discuss, however, that the distinction between licensee and invitee remained and turned on the elements of invitation and benefit to the possessor of the land. Corcoran, 161 Conn. at 465-66. In Corcoran, the plaintiff was found to be a social guest and, as such, was a licensee. Id.
Both Furstein and Corcoran also discuss the interplay between the duty owed as commensurate with the foreseeability of harm. If the defendant has no reason to be aware of the presence of social guests on his property "at a particular time and place", then he cannot be expected to reasonably foresee or anticipate harm to those unexpectedly coming upon his property. See Furstein,218 Conn. at 621; Corcoran, 161 Conn. at 469. See also Haffey v.Lemieux, 154 Conn. 185 (1966); Morin v. Bell Court CondominiumAssn., 25 Conn. App. 112 (1991).
The duty owed by the defendants to the plaintiff is determined by whether the plaintiff is held to be an invitee or a licensee. The plaintiff would be found to be an invitee if he were coming upon the defendant's land for a purpose inuring to the benefit of the defendants. The plaintiff would be found to be a licensee if he was allowed to enter upon the defendant's land by virtue of the defendant's consent, whether that consent was given by invitation or permission. See Restatement, 2d, Torts, Sec. 330. The Restatement also makes reference to a "gratuitous licensee" which includes "social guests who, in a sense, are persons temporarily adopted into the possessor's family." Restatement, 2d, Torts, Sec. 331, Comment a.
Two crucial elements in establishing that one is entitled to status of invitee are as follows: (1) an invitation, as opposed to permission, from the possessor of land to enter or remain on the land; and (2) the persons entering upon the land confers some economic or business benefit to the possessor of the land. Corcoranv. Jacovino, supra, 462, 465-66; Laube v. Stevenson, 137 Conn. 469,473 (1951). See Restatement, 2d, Torts, Section 332, Comment b. CT Page 2681
Although the extension of an invitation in and of itself, does not establish the status of an invitee, it is an essential element of that status. On the other hand, "mere permission, as distinguished from invitation, is sufficient to make a visitor a licensee but it does not make him an invitee." Corcoran v.Jacovino, supra at 465-66.
As applied to this case, the definition set forth by the Connecticut Supreme Court regarding the distinction between invitee and licensee places the plaintiff in this case in the position of a licensee. The plaintiff did not have a specific invitation to enter upon the defendants' land on the date of this accident. Rather, he had permission from the defendants to enter onto the land. That permission was not for any particular purpose or for any particular time frame. As Mr. Geddes testified, the plaintiff was "always welcome."
The evidence established that the plaintiff was no more than a social guest of the defendants. The supreme court has recognized the general rule that a social guest is to be considered, at most, a licensee. Corcoran, 161 Conn. at 466. (Citations omitted). See also Hennessey v. Hennessey, 145 Conn. 211 (1958). The frequency with which the plaintiff was a visitor on the defendants' property is not a determinative factor in his status as either a licensee or invitee although it tends to support that the plaintiff was a licensee due to the absence of an invitation.
In the instant case, there was testimony that the plaintiff visited or was on the defendant's property frequently. That, alone, however, is insufficient to establish the defendant's knowledge of the plaintiff's presence on their property and cannot raise the duty owed, if any, to the plaintiff by the defendants. As stated by the court in Morin v. Bell Court Condominium Association, 25 Conn. App. 112
(1991):
 Unless there is a historical pattern of prior usage, that is, usage with reasonable regularity as a particular place and at an approximate time, then the trier of fact cannot find that the plaintiff's appearance on the premises and his use of the premises has become reasonably predictable. Haffey v. Lemieux, 154 Conn. 188-89 (1966). Although the evidence indicated that the plaintiff. . .had come to the premises on several occasions, [they] did not come in any particular pattern or with an particular regularity. Accordingly, the circumstances are insufficient in this case to impute the CT Page 2682 knowledge of the plaintiff's presence at the time and the place of the injury to the defendant.
Morin, 25 Conn. App. at 117.
In order for one to be an invitee, that person must confer some benefit on the owner of the premises by virtue of his presence on the premises. Merhi v. Becker, 164 Conn. 516, 520 (1973). There was absolutely no evidence elicited by the plaintiff to establish that the defendants received any benefit whatsoever from the presence of the plaintiff on their property. Such a benefit to the possessor of the land is critical in determining whether a party falls within the parameters of an invitee. Given the absence of that benefit along with the absence of any specific invitation to the plaintiff to enter onto the land, the plaintiff has failed to prove those two very crucial elements of their claim that the plaintiff was, in fact, an invitee.
The defendants owed no duty to the plaintiff as the plaintiff's presence on their land was not known to them. "The duty which a licensor owes to a licensee on the licensor's premises does not arise where there is no actual knowledge on the part of the licensor of the licensee's presence or where there are no circumstances from which such knowledge could be imputed to the licensor." Corcoran, 161 Conn. at 468; Haffey v. Lemieux,154 Conn. 185, 189 (1966); Lubenow v. Cook, 137 Conn. 611, 614 (1951);Ward v. Avery, 113 Conn. 394, 397 (1932).
In this case, the undisputed testimony was that the defendants had no actual knowledge of the plaintiff's presence on their property on the date of this injury. In addition, there was no evidence from which one could infer that the defendants knew of the plaintiff's presence on the premises. Thus, the evidence presented by the plaintiff, viewed in the light most favorable to the plaintiff, leads to the conclusion that the injuries sustained by the plaintiff were not within the reasonable foreseeability of harm which the defendant is required to anticipate.
It is widely recognized that a licensee coming on to the property of another must take those premises as he finds them.Corcoran, 161 Conn. at 467, Hennessey, 145 Conn. at 213, Laube,137 Conn. at 474. "A possessor of land is liable for bodily harm caused to a gratuitous licensee by a natural or artificial condition thereon if, but only if, he: (a) knows of the condition, realizes that it involves an unreasonable risk to the licensee and CT Page 2683 has reason to believe that the licensee will not discover the condition or realize the risk, and (b) invites or permits the licensee to enter or remain on the land, without exercising reasonable care (1) to make the condition reasonably safe, or (2) to warn the licensee of the condition and the risk involved therein." Dougherty v. Graham, 161 Conn. 248, 251 (1971). See alsoBears v. Hovey, 159 Conn. 358, 360-61 (1970); Hennessey, supra;Rubinow, supra; Laube, supra; Restatement, 2d, Torts, Section 343.
As discussed, under the facts of this case, there can be no liability to the plaintiff as plaintiff has failed to prove the following:
1. That a condition existed which involved an unreasonable risk of harm to the plaintiff;
2. In the event such a condition did exist, that the defendants had actual knowledge of that condition;
3. That the defendants failed to exercise reasonable care to make their premises reasonably safe.
In applying this standard, the supreme court has stated that in order for the defendant to be charged with knowledge of an unsafe condition on his property, "the plaintiff must prove actual knowledge of the precise defect claimed to be dangerous." The plaintiff's case was devoid of any evidence that a defect existed on the defendants' property. In the absence of any such defect, it cannot be argued that the defendants had actual knowledge of any such condition. In addition, "it is not enough to prove actual knowledge of conditions naturally productive of the dangerous condition and subsequently, in fact, producing it." Moonan v.Clark Wellpoint Corporation, 159 Conn. 178, 187 (1970).
The plaintiff has produced no evidence that any dangerous condition existed on the defendants' property. The plaintiff cannot prove the existence of a dangerous condition simply due to the fact that the plaintiff was injured on the defendants' premises.
The possessor of land owes to an invitee those duties owed to a licensee in addition to the following: He also has the duty to inspect the premises and take whatever precautions necessary to make the premises reasonably safe. In addition, he is liable for defects which would ordinarily be discoverable by a reasonable inspection and has the duty to give a proper warning to the CT Page 2684 invitee. Warren v. Stancliff, 157 Conn. 216, 218 (1968); Mehri v.Becker, 164 Conn. 516, 520 (1973).
Despite the additional duties owed by a landowner to invitees, the supreme court has, nonetheless, recognized that the possessor of land is not responsible for injuries resulting from non-dangerous instrumentalities. See Rickey v. E.H. JacobsManufacturing Company, 142 Conn. 495 (1955). Again, despite the higher duty which would be owed if the plaintiff were considered an invitee as opposed to a licensee, the plaintiff has the burden of establishing a defect on the defendants' property. Such has not been done. The defendants, as the owners of this property, are not insurers of the plaintiff's safety. Thus, despite the fact that the plaintiff was injured on the defendants' property, that, alone, cannot serve to impose liability on the defendants for the injury.
Irrespective of the plaintiff's status as a licensee or an invitee, the court found that there was no duty flowing from the defendants to the plaintiff. The determination of the existence of a duty is an issue of law for the court to determine rather than for submission to the jury. State v. White, 204 Conn. 410, 427
(1987); Shore v. Stonington, 187 Conn. 147, 1512 (1982); Coburn v.Lenox Homes, Inc., 186 Conn. 370, 375 (1982); Behlman v. UniversalTravel Agency, 4 Conn. App. 688, 691 (1985).
The evidence as submitted by the plaintiff could not reasonably and logically be interpreted by a jury so as to provide a basis for recovery against the defendants. The verdict was directed in favor of the defendants based upon the court's determination that, as a matter of law, no duty existed on behalf of the defendants inuring to the plaintiff's benefit. The motion to set aside the verdict is denied.
PICKETT, J.